## HOLST v. OWENS, U. S. Marshal.

Circuit Court of Appeals, Fifth Circuit.
January 30, 1928.

No. 5165.

Criminal law ☞1202(1)—To constitute a "second offense," it must have been committed after conviction for a first offense (National Prohibition Act, tit. 2, § 29 [27 USCA § 46]).

Under National Prohibition Act, tit. 2, § 29 (27 USCA § 46), a second offense is one committed after conviction for a first offense, and a third or subsequent offense one committed after two former convictions, and a defendant cannot be sentenced as for a third offense, where both former offenses relied on were committed before there was a conviction for either.

[Ed. Note.—For other definitions, see Words and Phrases, Second Series, Second Offense.]

Appeal from the District Court of the United States for the Northern District of Florida; William B. Sheppard, Judge.

Petition by Victor Holst against M. M. Owens, United States Marshal, for the Northern District of Florida, for writ of habeas corpus. From an order dismissing the writ, petitioner appeals. Reversed, with directions.

J. McHenry Jones, of Pensacola, Fla. (J. Leo Andersen and Harvey E. Page, both of Pensacola, Fla., on the brief), for appellant.

Fred Cubberly, U. S. Atty., of Gainesville, Fla., and George Earl Hoffman, Asst. U. S. Atty., of Pensacola, Fla., for appellee.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

BRYAN, Circuit Judge. This is an appeal from an order dismissing a writ of habeas corpus. Appellant was convicted of the unlawful possession of intoxicating liquor as charged in three indictments. The first indictment charged a first offense, the second pleaded conviction of the first offense, and the third pleaded conviction of the first and second offenses. The offenses charged in the first and second indictments were committed about the same time, and before the finding of any indictment. The offense charged in the third indictment was committed after conviction upon the first two indictments, and the sentence imposed consisted of a fine of $200 and imprisonment for 13 months in the Atlanta penitentiary. Appellant paid the fine, but in his petition for habeas corpus sought relief against the imprisonment feature of the sentence, on the ground, among others, that he had not been legally convicted of a third offense.

Section 29, tit. 2, of the National Prohibition Act (27 USCA § 46) authorizes for a second offense of unlawful possession of intoxicating liquors either a fine of not less than $100 or more than $1,000, or imprisonment of not more than 90 days, and for a third or any such subsequent offense requires both a fine of not less than $500 and imprisonment of not less than 3 months or more than 2 years. That section also makes it the duty of the district attorney to ascertain whether a defendant had been previously convicted,

and, if so, to include in the indictment an averment of prior conviction.

It cannot legally be known that an offense has been committed until there has been a conviction. A second offense, as used in the criminal statutes, is one that has been committed after conviction for a first offense. Likewise, a third or any subsequent offense implies a repetition of crime after each previous conviction. Singer v. United States (C. C. A.) 278 F. 415; Biddle v. Thiele (C. C. A.) 11 F.(2d) 235; Commonwealth v. McDermott, 224 Pa. 363, 73 A. 427, 24 L. R. A. (N. S.) 431. It was because of this general rule that section 29 requires a district attorney to allege in an indictment any prior conviction of the defendant. The third indictment was sufficient to charge a second, but was insufficient to charge a third, offense. The result is that appellant could have been sentenced either to pay a fine or to be imprisoned for not more than 90 days. He could not, however, be subjected to both fine and imprisonment, nor to the imprisonment of 13 months imposed upon him. By paying the fine he discharged the valid part of the sentence, and cannot now be held to serve a sentence of imprisonment.

The order appealed from is reversed, with directions to discharge appellant from custody.