279 So.2d 383 (1973)
Raymond W. KARZ, Appellant,
v.
STATE of Florida, Appellee.
No. 71-707.
District Court of Appeal of Florida, Second District.
June 8, 1973.
Walter R. Talley, Public Defender, and D. Turner Matthews, Asst. Public Defender, Bradenton, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and David Luther Woodward, Asst. Atty. Gen., Tampa, for appellee.

ON PETITION FOR REHEARING
MANN, Chief Judge.
Informations were filed charging Karz with six separate violations of the Uniform Narcotic Drug Law and the Florida Drug Abuse Law. Karz was convicted of all the charges on the same date. On each of the two convictions under the Narcotic Drug Law he was sentenced to six months to three years. For one conviction under the Drug Abuse Law he received a one year sentence and for the three remaining convictions under the same law he received enhanced sentences of six months to three years each as a second offender. The sentences run concurrently.
*384 Karz' motion to vacate and set aside was denied and this court affirmed per curiam. On rehearing the issue was raised whether the increased punishment aspect of Florida Statute § 404.15(2), F.S.A., for a second or subsequent conviction applies when a person is simultaneously convicted of two or more separate offenses committed on separate days. When Karz was convicted Florida Statute § 404.15, F.S.A., provided that a first conviction was punishable by two years imprisonment and a second conviction was punishable by not less than two nor more than five years. The statute contemplates a subsequent offense committed after a prior conviction and not a situation in which all convictions are simultaneously entered.
This rule has generally been applied to subsequent offender statutes such as Florida Statutes §§ 775.09 and 775.10, F.S.A., which, although now repealed, provided that any person who "after having been convicted of a felony" commits another felony is punishable as a second or subsequent offender. Cases dealing with those statutes required that in order to punish a person as a subsequent offender it was necessary that the offenses after the primary one were in each case committed subsequent to conviction for the preceding offense. Perry v. Mayo, Fla. 1954, 72 So.2d 382.
The statutory language of Section 404.15(2) is not as specific as the statutes mentioned above. Here we are concerned with a statute that merely states that a "second conviction" is punishable by a more severe sentence. Winstead v. State, Fla. 1956, 91 So.2d 809, dealt with a similarly worded statute. In that case the defendant was convicted on three counts of drug violations. Under the first count he was given a minimum sentence for a first conviction. However, under the second and third counts he was sentenced for a "second offense." The Florida Supreme Court held that each offense must be regarded as a "first offense" under the statute. Citing Holst v. Owens, 5 Cir.1928, 24 F.2d 100, 101, the court stated that "[a] second offense, as used in the criminal statutes, is one that has been committed after conviction for a first offense."
The reason for enhancing a sentence for a subsequent offense is to serve as a warning to first offenders and to afford them an opportunity to reform. The reformatory object of the statute, namely to deter future crime, would be frustrated if the offender were given no opportunity to reform. See cases collected in the annotation at 24 A.L.R.2d 1247 and in State v. Johnson, 1969, 109 N.J. Super. 69, 262 A.2d 238.
For the foregoing reasons we erred in affirming the sentences in case numbers 21,800, 21,801 and 21,802, but properly affirmed the conviction. Rehearing is granted. We recede from our prior affirmance of the sentences exceeding the statutory maximum for a first offense.
Affirmed in part, reversed in part and remanded.
HOBSON and McNULTY, JJ., concur.