STATE OF NEBRASKA, APPELLANT, V.
DON HOCUTT, APPELLEE.

300 N.W.2d 198

Filed January 9, 1981.   No. 43497.

Paul  L.  Douglas,  Attorney  General,  Patrick  T.

O'Brien, and John G. Tomek, Butler County Attorney, for appellant.

Richard L. Kuhlman for appellee.

Heard before KRIVOSHA, C.J., BOSLAUGH, McCOWN, CLINTON, BRODKEY, WHITE, and HASTINGS, JJ.

WHITE, J.

This is an appeal from a judgment of the District Court dismissing an information charging the appellee, Don Hocutt, with a violation of Neb. Rev. Stat. § 69-109 (Cum. Supp. 1980), sale or transfer of personal property, subject to a security interest, without consent. The court held the statute violated Neb. Const. art. I, § 20, which provides: "No person shall be imprisoned for debt in any civil action on mesne or final process, unless in cases of fraud." We reverse.

Appellee was charged with unlawfully and feloniously selling, transferring, or disposing of personal property, on which he had first placed a security interest, in violation of § 69-109: "Any person who, after having created any security interest in any article of personal property, either presently-owned or after-acquired, for the benefit of another, shall, during the existence of the security interest, sell, transfer, or in any manner dispose of the said personal property, or any part thereof so given as security, to any person or body corporate, without first procuring the consent, in writing, of the owner and holder of the security interest, to any such sale, transfer or disposal, shall be deemed guilty of a Class IV felony."

In his motion to quash, appellee contended that § 69-109 is unconstitutional because it provides for imprisonment for nonpayment of a debt without requiring proof of fraud. Appellee cites, as controlling, State ex rel. Norton v. Janing, 182 Neb. 539, 156 N.W.2d 9 (1968), in which this court held Neb. Rev. Stat. § 52-119 (Reissue 1968) unconstitutional as violative of art. I, § 20. Section 52-119 then provided, in part, that it was a criminal offense "for any person

. . . who has taken a contract for the erection . . . of any house . . . and has received payment . . . to fail to apply the money so received . . . in payment of the lawful claims of such laborers or materialmen . . . ." Noting the absence of a provision requiring that the failure of payment be fraudulent, the court, quoting with approval from *People v. Holder*, 53 Cal. App. 45, 199 P. 832 (1921), found the absence of such a requirement fatal: "'Any legislation that makes it a crime for one to use his own money for any purpose other than the payment of his debts is violative of section 15 of article I of the constitution of this state, which expressly inhibits imprisonment for debt except in cases of fraud. [Citing cases.] The provision in the California constitution inhibiting imprisonment for debt "in civil actions" cannot be evaded by making the non-payment of a debt a crime. [Citing cases.] In the Peonage Cases, Judge Jones, in a forceful opinion, very pertinently says that "when a man's liberties are taken from him because he does not pay a debt, and he is punished if he does not perform a civil contract, . . . he is put in prison bounds and is imprisoned for debt in the meaning of the constitution." (123 Fed. 686.)'" *State ex rel. Norton v. Janing, supra* at 541, 156 N.W.2d at 10.

Although § 69-109 itself is silent concerning a requirement of fraudulent intent, it has been established by judicial construction that such proof is required for a conviction under the statute. In *State v. Butcher*, 104 Neb. 380, 177 N.W. 184 (1920), and in *Pulliam v. State*, 167 Neb. 614, 94 N.W.2d 51 (1959), this court stated that § 69-109 was enacted to prevent the fraudulent transfer of mortgaged chattel property. With such a provision engrafted by judicial construction, § 69-109 is distinguished from the statute held unconstitutional in *State ex rel. Norton v. Janing, supra*, and does not constitute imprisonment for debt.

If there were no requirement that the transfer be made with an intent to defraud, the statute would

be unconstitutional. If this statute had no history of judicial interpretation supplying that requirement, it would be unconstitutional. However, § 69-109 is a reenactment, in substance, of laws existing since 1889, and this court has construed this provision as requiring proof of fraudulent intent.

Since *Pulliam v. State, supra,* § 69-109 has been amended to bring its terms into alignment with those of the Nebraska Uniform Commercial Code. The statute has not been changed substantively. It is presumed that when a statute has been construed by the Supreme Court, and the same is substantially reenacted, the Legislature gave to the language the significance previously accorded to it by the Supreme Court. *Gomez v. State ex rel. Larez,* 157 Neb. 738, 61 N.W.2d 345 (1953); *Misle v. Miller,* 176 Neb. 113, 125 N.W.2d 512 (1963).

Nothing in the legislative history of the present act suggests that the Legislature intended any meaning other than previously ascribed to it by this court, and § 69-109, being a substantial reenactment of a previous statute, does not fall for not requiring fraudulent intent. The previous case law by interpretation supplies that requirement.

We do not here rely on *State v. Heldenbrand,* 62 Neb. 136, 87 N.W. 25 (1901), as controlling, although that case held a similarly worded predecessor statute constitutional. The court did not there consider the effect at art. I, § 20, of our Constitution on the statute, which did not expressly require proof of fraudulent intent. The issue was not assigned as error and it was neither argued nor decided in that case.

However, consistent with our view that it is the intent to defraud that makes a transfer of personal property without the consent of the holder of a security interest both unlawful and not violative of art. I, § 20, the language of *Fiehn v. State,* 124 Neb. 16, 245 N.W. 6 (1932), which suggests that a subsequent payment of the proceeds of the sale of the secured

property or repayment in full of the secured debt is a defense to the crime and not merely evidence of lack of fraudulent intent, is disapproved; and to the extent that that case is inconsistent herewith, it is overruled.

This judgment is reversed.

REVERSED.