STATE OF NEBRASKA, APPELLEE, V.
ELDON L. HILKER, APPELLANT.

317 N.W.2d 82

Filed March 12, 1982.   No. 44456.

Mousel & Burger, P.C., for appellant.

Paul L. Douglas, Attorney General, and Dale D. Brodkey for appellee.

Heard before KRIVOSHA, C.J., BOSLAUGH, MCCOWN, CLINTON, WHITE, HASTINGS, and CAPORALE, JJ.

WHITE, J.

The defendant, Eldon L. Hilker, was found guilty in the county court of Red Willow County, Nebraska, on a charge of driving an automobile while under the influence of alcoholic liquor and of having more than ten-hundredths of one percent by weight of alcohol in his body fluid as shown by chemical analysis of his breath, to wit, sixteen-hundredths of one percent. In his appeal to the District Court, the District Court found that the State had failed to prove sufficient foundation for the admission of the Breathalyzer sample test under the rules of *State v. Gerber*, 206 Neb. 75, 291 N.W.2d 403 (1980), but found that the evidence was sufficient to sustain the conviction of the defendant for operating a motor vehicle on the highways while under the influence of alcoholic liquor. The defendant was sentenced to a term of 12 months' probation and fined $100. Defendant appeals and assigns as a single error that the evidence was insufficient as a matter of law to sustain the conviction. We affirm.

Neb. Rev. Stat. § 39-669.07 (Cum. Supp. 1980) defines one offense which can be proved by any of three ways: (1) By proof that the defendant was in physical control of a motor vehicle while under the influence of alcoholic liquor; (2) By proof that the defendant was in physical control of a motor vehicle while under the influence of any drug; or (3) By proof that the defendant was in physical control of a motor vehicle while having ten-hundredths of one percent or more by weight of alcohol in his or her body fluid. *State v. Jablonski*, 199 Neb. 341, 258 N.W.2d 918 (1977).

A verdict by a trier of fact in a criminal proceeding will be sustained if, taking the view most favorable to the State, there is sufficient evidence to support it. *State v. Carter*, 205 Neb. 407, 288 N.W.2d 35 (1980).

Taking a view of the evidence most favorable to the State, the facts are as follows: The defendant was arrested on November 20, 1980, by an officer of the McCook Police Department. The officer observed the defendant's eastbound pickup truck pull up to a stop sign and remain for several minutes without moving. The officer followed the truck which then turned a corner to the left, proceeded to the north, and proceeded to the right, going east again, where the officer observed the pickup traveling through a red light with no observable brake lights or slowing of the vehicle. After the light changed to green, the officer followed the pickup, stopped it, and the defendant was identified as the driver. When the officer stopped the pickup, the defendant got out of his vehicle and walked to the cruiser with slow, short steps and leaning against the box of the pickup. The defendant produced his operator's license and registration, and the officer observed, and testified, that the defendant had an odor of alcoholic beverage on his breath, that his speech was slurred, that he was confused as to whether or not the stoplight through which he had just traveled was red or green, and that his eyes were bloodshot. The officer pointed the flashlight at the defendant and observed that the defendant's

eyes were dilated and slow to react. When the defendant returned to the pickup, the officer again observed that he leaned against or used the pickup as a source of balance. A field sobriety test was given to the defendant. The defendant was asked to place his heels and toes together and bring his arms down to the side and then tilt his head back and close his eyes. The defendant was unable to perform the test, exhibiting, according to the officer, a lack of balance and coordination in the test. During the time he did tilt his head back, he swayed from side to side and in a circular motion. The defendant was asked to count to 10 while his head was tilted back and his eyes closed, and he did so very slowly. The defendant was asked to count to four as he touched his thumb to his fingers as a test of manual dexterity. He was unable to perform the test. The first time he counted incorrectly and was unable to touch two of his fingers with his thumb. The second time he eventually counted correctly, but he could not touch his thumb to any of the fingers. The defendant was then asked to bring his heels and toes together, tip his head back, bring his arms out to his side, extend his index finger and bring it around from the side to touch the tip of his nose. The defendant was unable to touch the tip of his finger to the tip of his nose. In the second test, the defendant was asked to stand as he did in the first test, extend his index finger, bring his arm around front, roll over his hand and bring his finger up to touch the tip of his nose. The defendant missed his nose with both hands and used his middle finger instead of his index finger. The heel-to-toe test was conducted and the defendant was unable to perform, losing his balance and continuing to fail to place the heel to the toe of the other foot. The defendant was asked to recite the alphabet. He did so slowly and omitted the letter "P." Finally, the defendant was asked to stand on one foot. He was asked to stand heels and toes together, bringing one foot out, holding it off the ground approximately 6 inches. He was unable to do this test at all, and when he extended

the foot, he fell down on that foot, not being able to keep his balance when lifting his foot off the ground. At the conclusion of these tests, the defendant was arrested for operating a motor vehicle while under the influence of alcoholic liquor.

Essentially, the argument of the defendant is that, in view of all this evidence, this evidence is not sufficient since the county attorney at trial did not ask the officer whether, in his opinion, the defendant was intoxicated, and it is this failure that he points out as the error requiring reversal. The defendant is mistaken. The fact finder was as equally able, in view of the evidence presented by the arresting officer, to conclude whether or not the defendant was under the influence of alcoholic liquor, and it did so. Indeed, the evidence is nearly overwhelming. We have not said, and we do not say now, that it is necessary in a trial for operating a motor vehicle while under the influence of alcoholic liquor that a policeman or some other person offer the opinion that the defendant was indeed intoxicated. Defendant cites no authority nor have we discovered any that makes such a requirement.

Defendant also cites cases in this court which relate to the circumstantial evidence rule recently discussed by this court in *State v. Buchanan, ante* p. 20, 312 N.W.2d 684 (1981). He characterizes the evidence submitted by the officer as circumstantial. The officer testified to matters which he himself observed. Even where the evidence is circumstantial, the defendant would receive no comfort from that fact since the rule is that one accused of a crime may be convicted on the basis of circumstantial evidence if, taken as a whole, the evidence establishes guilt beyond a reasonable doubt. The State is not required to disprove every hypothesis but that of guilt. *State v. Buchanan, supra.*

The judgment of conviction is supported by competent evidence and is affirmed.

AFFIRMED.