STATE OF NEBRASKA, APPELLEE, v. ROY L. ELLIS,
APPELLANT.
333 N.W.2d 391

Filed April 29, 1983. No. 82-191.

Thomas M. Kenney, Douglas County Public Defender, and Bennett G. Hornstein, for appellant.

Roy Ellis, pro se.

Paul L. Douglas, Attorney General, and Sharon M. Lindgren, for appellee.

KRIVOSHA, C.J., BOSLAUGH, McCOWN, WHITE, HASTINGS, CAPORALE, and SHANAHAN, JJ.

KRIVOSHA, C.J.

This appeal once again presents the question of how the habitual criminal statute, Neb. Rev. Stat. § 29-2221 (Reissue 1979), should be interpreted. The appellant, Roy L. Ellis, was informed against in a three-count amended information. The first count charged him with the robbery of property of Kentucky Fried Chicken from the personal protection of one Nick Gann, in violation of Neb. Rev. Stat. § 28-324 (Reissue 1979), a Class II felony. The second count charged Ellis with the use of a firearm to commit the felony, in violation of Neb. Rev. Stat. § 28-1205 (Reissue 1979), a Class III felony. The third count charged him with being an habitual criminal, in violation of § 29-2221. The jury found Ellis guilty as charged of robbery and use of a firearm. Section 29-2221 provides in part: "Whoever

has been twice convicted of crime, sentenced and committed to prison . . . shall, upon conviction of a felony committed in this state, be deemed to be an habitual criminal . . . ." Following the findings of guilty by the jury, the trial court received evidence on the issue as to whether Ellis was an habitual criminal. The evidence so received established that Ellis had once before been convicted of robbery *and* the use of a firearm in its commission. The trial court determined that these previous convictions could be considered as two separate convictions for purposes of the Nebraska habitual criminal statute, § 29-2221, even though they were imposed at the same time, and found Ellis to be an habitual criminal. The District Court then sentenced Ellis to consecutive terms of 12 to 15 years and 10 years on each of the two substantive counts.

Ellis has filed two briefs in this case. One is filed by his court-appointed attorney, assigning as error the fact that the trial court was wrong in not dismissing the habitual criminal charge against Ellis because his two prior felony convictions used as the basis to find him an habitual criminal occurred simultaneously as part of one transaction. Ellis has likewise filed a brief, pro se, alleging that his federal constitutional right to due process of law was violated when the State's representative allowed false testimony by its own witness to go uncorrected, even though the testimony was unsolicited by the State's representative.

We first address Ellis' pro se assignment of error, because it is wholly without merit and can be disposed of easily. An examination of the record discloses that the matters about which Ellis complains concern testimony given by one Devern Rasco. Ms. Rasco testified at the trial as a witness on behalf of the State and identified Ellis as the one who had robbed the Kentucky Fried Chicken where she was employed. While there are some minor discrepancies in Ms. Rasco's testimony, an examination of the

entire record discloses that they are indeed minor in nature and concern collateral details. At best, they go to the credibility of the witness and not to Ellis' due process rights. This court does not resolve questions of credibility. "In determining the sufficiency of the evidence to sustain a conviction in a criminal prosecution, it is not the province of the Nebraska Supreme Court to resolve conflicts in the evidence, pass upon the credibility of witnesses, determine plausibility of explanations, or weigh the evidence, as such matters are for the jury. The verdict of the jury must be sustained if, taking the view most favorable to the State, there is sufficient evidence to support it." (Syllabus of the court.) *State v. True*, 210 Neb. 701, 316 N.W.2d 623 (1982). Moreover, "[a] verdict by a trier of fact in a criminal proceeding will be sustained if, taking the view most favorable to the State, there is sufficient evidence to support it." *State v. Hilker*, 210 Neb. 810, 812, 317 N.W.2d 82, 84 (1982). As we have already indicated, Ellis' claim that his federal due process has been violated is frivolous, and the assignment of error is without merit and must be overruled.

The error assigned by Ellis' court-appointed counsel, however, poses a more difficult problem. By a divided court, with three justices dissenting, this court recently held, in *State v. Pierce*, 204 Neb. 433, 283 N.W.2d 6 (1979), that the habitual criminal statute could be applied to an individual even though the two previous offenses occurred on the same date and were prosecuted in the same information and resulted in concurrent sentences. As the dissent in *State v. Pierce* indicated, this holding is the minority view in the United States.

On further reflection, we now believe that we were in error in our holding in *State v. Pierce*, and it should be overruled. An examination of § 29-2221, the habitual criminal statute, makes it clear that what the Legislature was attempting to accomplish when it enacted the habitual criminal statute was to

grant to a sentencing court the ability to enhance the penalty for a criminal who committed a felony which, when considered alone, did not permit a sentence of at least 10 years but, because of the repetitive nature of the crime, was deserving of an enhanced penalty of at least 10 years' imprisonment. Section 29-2221 appears clear on its face that its purpose is to permit the trial court to sentence one, who has already been given two chances and failed, to a minimum sentence of 10 years and a maximum sentence of 60 years, regardless of what the sentence for the crime committed might otherwise be. If the statute involved in the particular crime already provides for a sentence of imprisonment longer than a minimum of 10 years or a maximum of 60 years, the habitual criminal statute has no application. The statute specifically provides for that result when it provides that the penalty set out in the habitual criminal statute shall apply in sentencing if "no greater punishment is otherwise provided by statute, in which case the law creating the greater punishment shall govern." Obviously, one who commits, for instance, the act of murder, even though it may be a third offense, is not charged with being an habitual criminal nor sentenced under the provisions of § 29-2221, because the statutes in question already provide for a greater sentence.

We believe that the purpose of enacting the habitual criminal statute is to serve as a warning to previous offenders that if they do not reform their ways they may be imprisoned for a considerable period of time, regardless of the penalty for the specific crime charged. See *Dye v. Skeen, Warden*, 135 W. Va. 90, 62 S.E.2d 681 (1950). As noted by the dissent in *State v. Pierce, supra* at 444, 283 N.W.2d at 12: " 'Recidivist statutes are enacted in an effort to deter and punish incorrigible offenders. * * * They are intended to apply to persistent violators who have not responded to the restraining influence of conviction and punishment.' State v. Conley, 222

N.W.2d 501 (Iowa, 1974). 'It is the *commission* of the second felony *after conviction* for the first, and the *commission* of the *third* felony *after conviction* of the second that is deemed to make the defendant an incorrigible.' (Emphasis supplied.) Coleman v. Commonwealth, 276 Ky. 802, 125 S.W.2d 728 (1939). Finally, '* * * where the sequence of prior convictions is in issue, the rule followed in the majority of jurisdictions is that each successive felony must be committed after the previous felony conviction in order to count towards habitual criminal status.' State v. Carlson, 560 P.2d 26 (Alaska, 1977). See, also, Faull v. State, 178 Wis. 66, 189 N.W. 274 (1922); Washington v. United States, 343 A.2d 560 (App. D.C., 1975); Hutchinson v. State, 481 S.W.2d 881 (Tex. Crim. App., 1972); Cooper v. State, 284 N.E.2d 799 (Ind., 1972); Holst v. Owens, 24 F.2d 100 (5th Cir., 1928); Karz v. State, 279 So.2d 383 (Fla. App., 1973); State v. Mitchell, 2 Wash. App. 943, 472 P.2d 629 (1970); State v. Lohrbach, 217 Kans. 588, 538 P.2d 678 (1975); Moore v. Coiner, 303 F. Supp. 185 (N.D., W. Va., 1969); Hill v. Boles, 149 W. Va. 779, 143 S.E.2d 467 (1965); State v. Sanchez, 87 N.M. 256, 531 P.2d 1229 (1975); Annotation, 24 A.L.R.2d 1247.'' (Emphasis supplied.) For a collection of the cases, see Annot., 24 A.L.R.2d 1247 (1952).

We believe we should join the majority of jurisdictions in their interpretation of the habitual criminal statute, and now, therefore, declare that in order to warrant the enhancement of the penalty under the Nebraska habitual criminal statute, § 29-2221, the prior convictions, except the first conviction, must be for offenses committed after each preceding conviction, and all such prior convictions must precede the commission of the principal offense. For that reason we believe that the decision of the trial court finding the defendant Ellis to be an habitual criminal must be set aside and the matter remanded to the District Court for further sentencing in accordance with this opinion.

REVERSED AND REMANDED WITH DIRECTIONS.

WHITE, J., dissenting.

*State v. Pierce*, 204 Neb. 433, 283 N.W.2d 6 (1979), is overruled and, as the reason for its demise, the majority determines that habitual criminal statutes " ' "are enacted in an effort to deter and punish incorrigible offenders [and] are intended to apply to persistent violators who have not responded to the restraining influence of conviction and punishment." ' " That such statutes are enacted to punish incorrigible offenders is obvious, but the deterrent effect, if any, may as logically be said to consist solely of the loss of opportunity to commit crimes because of the longer incarceration. The majority has chosen to substitute doubtful sociological assumptions (without any legislative history to show that the Legislature shared its view) for the logical construction of a statute as set forth by the majority in *Pierce*. The majority in *Pierce* suggested that the prevailing view in this case should appropriately have been addressed to the Legislature. We now have eliminated that cumbersome task from the appellant.

BOSLAUGH, J., joins in this dissent.

CAPORALE, J., dissenting.

I join in Judge White's dissent, and add the observation that, generally, where a statute has been judicially construed and that construction has not evoked an amendment, it will be presumed that the Legislature has acquiesced in the court's determination of its intent. *Erspamer Advertising Co. v. Dept. of Labor, ante* p. 68, 333 N.W.2d 646 (1983). See, also, *State v. Hocutt*, 207 Neb. 689, 300 N.W.2d 198 (1981).