**In re David O. GUTHREL, Debtor.**

**Stuart LEVENTHAL and Julie Leventhal, Plaintiffs,**

**v.**

**David O. GUTHREL, Defendant.**

**Bankruptcy No. 83–00960(2).**

**Adv. No. 83–0431(2).**

United States Bankruptcy Court, E.D. Missouri, E.D.

June 7, 1984.

John V. LaBarge, Jr., Kirkwood, Mo., for defendant.

Jeffrey J. Kalinowski, Martin P. Zucker, Attys., St. Louis, Mo., for plaintiffs.

## MEMORANDUM OPINION

DAVID P. McDONALD, Bankruptcy Judge.

In their Complaint, Plaintiffs, Stuart Leventhal and Julie Leventhal, seek a determination that certain alleged indebtedness owed by Defendant, David O. Guthrel, is nondischargeable under section 523 of the Bankruptcy Code. The alleged indebtedness stems from a contract between the parties in which Plaintiff, Stuart Leventhal, agreed to purchase a house under construction by Defendant and, pursuant to the terms thereof, paid Defendant $20,000 as a down payment. At the hearing, however, their counsel requested only a determination of whether the general discharge granted the Defendant by this Court on September 29, 1983, had any effect on an order of the St. Louis County Circuit Court dated April 19, 1982, requiring Defendant to pay Plaintiffs the sum of $13,000 as a condition of probation. Defendant has requested this Court to enjoin any further enforcement of this restitution order.

The facts of the case are these:

1. In March, 1981, Defendant, then a builder of houses, and Plaintiff, Stuart Lev-

enthal (Stuart), entered into a contract under which Stuart agreed to purchase a house then under construction by Defendant. The purchase price was $97,000 and Stuart paid Defendant the sum of $20,000 as an earnest money payment.

2. Defendant completed construction of the house and attended a closing of the purchase in August, 1981. At the closing, a dispute developed between Stuart and Defendant on whether Stuart was to pay for certain "extras" added to the house and the closing did not go through.

3. The dispute was apparently resolved and, four days later, Defendant attended a second closing prepared to pay $10,000 to Stuart in settlement of the matter. Stuart did not appear.

4. Afterwards, Defendant apparently considered Stuart to have breached the contract and did not refund the $20,000 to Stuart.

5. Defendant testified that he never had any further communication with Stuart regarding the money.

6. Later, Defendant received a visit from a St. Louis County police officer. The officer informed Defendant that he had defrauded Stuart and inquired about Defendant's use of the funds. Defendant became alarmed and contacted two attorneys. Both attorneys advised him that he had committed no crime and that the matter of whether he owed Stuart anything was a civil matter.

7. Defendant was indicted on October 13, 1981, by the St. Louis County Grand Jury, on a charge of stealing over $150, a Class C felony under Missouri law.

8. After an initial plea of not guilty, Defendant changed his plea to guilty. He testified that he changed his plea on the recommendation of his attorney that the prosecuting attorney would recommend a suspended imposition of sentence with probation conditioned upon his repaying the Plaintiffs the money in question. Stuart was present in court at the plea hearing and apparently agreed that Defendant would receive credit for $7,000 put into the house and need only repay $13,000.

9. On April 19, 1982, the state court accepted Defendant's plea of guilty and placed Defendant on probation for three years with the special condition that he pay Plaintiffs the sum of $13,000.

CONCLUSIONS

The Plaintiffs have abandoned their request that the Court determine the alleged indebtedness owed them by Defendant is non-dischargeable under 11 U.S.C. § 523(a). Hence, the Court will determine any such indebtedness to be dischargeable.

However, the crux of the matter before the Court is whether, as requested by the Defendant, the Court should enjoin the Plaintiffs or any other non-judicial persons from enforcing the restitution order of the St. Louis County, Missouri, Circuit Court. 28 U.S.C. § 1481 and section 405(a) of the Bankruptcy Reform Act of 1978, Public Law 95–598 prohibit this Court from enjoining another court.

Defendant urges that he was never guilty of any crime, that he plead guilty only upon the recommendation of his counsel and to avoid the risks of criminal prosecution and that Plaintiffs, in this instance, have used the local criminal justice process to "collect" their private claim of indebtedness from the Defendant.

While the testimony of the Defendant at the hearing on this Complaint did cast some doubt in the Court's mind as to whether the Defendant actually committed the crime of stealing or embezzlement, the Court must decline his invitation to enjoin the enforcement of St. Louis County Circuit Court's restitution order.

The United States Supreme Court in *Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971) barred federal courts from interfering in state court prosecutions except under extraordinary circumstances. In *Barnette v. Evans*, 673 F.2d 1250 (11th Cir.1982), the court held this doctrine to bar a bankruptcy court from enjoining a state court prosecution of the debtor on a bad check charge.

Although the Supreme Court did not precisely delineate what constitutes "extraor-

**6**

dinary circumstances", state court prosecutions brought in bad faith or to harass an individual do come within this exception, *Younger v. Harris, supra,* 401 U.S. at p. 54, 91 S.Ct. 746.

Defendant offered no evidence that directly shows bad faith on the St. Louis County Prosecuting Attorney or the grand jury that indicted him. Absent such direct evidence, the Court will not infer such bad faith from the fact that Defendant may not have been guilty of the crime to which he plead guilty. Further, while the restitution order does serve to collect the indebtedness owed Plaintiffs, again, absent evidence to the contrary, the Court must presume that the primary purpose of this order is to aid the Defendant in rehabilitating himself, *see U.S. v. Carson,* 669 F.2d 216 (5th Cir.1982).

Accordingly, the Court denies Defendant's request to enjoin enforcement of the St. Louis County Circuit Court restitution.

A separate order consistent with this opinion will be entered this date.