REQUESTED BY: Patrick R. McDermott, Perkins County Attorney, Grant, Nebraska
1. May an individual debtor in possession who, pursuant to 11 U.S.C. § 363, sells, leases, or uses property of the estate in the ordinary course of business be subject to the criminal sanctions of sections 69-109 and69-110 R.R.S. Neb. (Reissue 1981)?
2. Are the rights conferred upon the debtor in possession pursuant to the Bankruptcy Act superior by operation of the Supremacy Clause in the United States Constitution to the state criminal sanctions contained in section 69-109 and section 69-110 R.R.S. Neb.?
3. What is the effect, if any, of28 U.S.C. § 959 on the issues raised in questions 1 and 2?
4. Is a complainant more properly referred to the United States attorney for possible prosecution by the U.S. attorney for acts which may constitute violations of federal statutes as they govern bankruptcy proceedings?
1. No.
2. No.
3. It reaffirms that in order for a business to be operated in the ordinary course of business by a debtor in possession, that person must obey valid state laws.
4. A complainant may be referred to the U.S. attorney, but prosecution by the U.S. attorney is not necessarily more appropriate than prosecution by a County Attorney in Nebraska.
1. You have presented a hypothetical fact situation in which you state that a farmer who raises crops for sale also feeds grain to his own livestock as well as livestock owned by others placed with him. The farmer files for relief under Chapter 11 of the Bankruptcy Act. After filing, a secured creditor secures relief from the stay imposed by11 U.S.C. § 362 and thereafter institutes a replevin action in state court. As a result of this replevin action, it is determined that some of the secured crops were, in the ordinary course of the business of the farmer who was a debtor in possession, fed to the livestock owned by the farmer and the livestock owned by others placed with him for feeding.
Pursuant to your fact situation, you have stated that the farmer under the Chapter 11 proceeding is a debtor in possession. Pursuant to 11 U.S.C. § 1107, section1108 and section 363, the debtor in possession in the ordinary course of business may sell, lease, and use property of the estate without notice or hearing. Section 69-109 generally prohibits the disposition of property subject to a valid security interest without prior written consent. The statute was construed in State v. Hocutt, 207 Neb. 689,300 N.W.2d 198 (1981), to include the element of fraudulent intent. Additionally, section 69-110 explicitly provides that a person may be convicted of violating that statute only if the actions taken were done with the intent of depriving the owner of a valid security interest and, by judicial interpretation, it has been determined that criminal intent is an essential element of that offense. Pulliam v. State,167 Neb. 614, 94 N.W.2d 51 (1959).
Critical to an answer to your question would seem to be a definition of "ordinary course of business." No statutorily or judicially created definition could be found. A debtor-in-possession, however, is obligated to obey valid state laws (28 U.S.C. § 959(b)). Thus, logically in order to be operating in the ordinary course of business, the debtor-in-possession ought not violate criminal laws such as section 69-109 and 110 R.R.S. Neb. (Reissue 1981). Any acts taken by the debtor-in-possession which violated either of those statutes would not be within the ordinary course of business.
A course of conduct could exist in which the debtor-in-possession disposed of property by feeding it to livestock with knowledge but without written permission of the secured creditor.
If this method of operation had been in existence for sometime without objection by the secured creditor, then presumably the debtor was operating with at least the implicit permission of the secured creditor. In such circumstance, no fraudulent or criminal intent would appear to exist. However, once relief from the stay is obtained by the secured creditor, any implicit permission would be removed and the past course of conduct would no longer apply. Thus, disposition of secured property by the debtor-in-possession after a secured creditor has received relief from the stay would no longer be in the ordinary course of business and would subject the debtor-in-possession to possible criminal prosecution.
2. 11 U.S.C. § 362 provides that a petition for relief filed pursuant to the Bankruptcy Act operates as a stay regarding many acts. However, in (b) of that section it is stated that, "The filing of a petition . . . does not operate as a stay — (1) . . . of the commencement or continuation of a criminal action or proceeding against the debtor. . ." Additionally, the Nebraska Supreme Court has stated in ATS Mobil Telephone, Inc., v. Curtin Call Communications, Inc., 194 Neb. 404, 232 N.W.2d 248 (1975):
Under the Supremacy Clause, Article VI, paragraph 2, of the Constitution of the United States, the federal constitution and laws are the supreme laws of the land. State regulation in an area legitimately regulated by the federal government can avoid being preempted if three tests are passed. First, did Congress intend to preempt the area? Second, do the state and federal laws irreconcilably conflict? Third, by the very nature of the subject regulated, is there a need for national uniformity? The answer must be `no' to all three questions if the state regulation is to be upheld. Id. at 407.
In applying these tests, first, Congress apparently did not intend to preempt the area as is evidenced by11 U.S.C. section 362(b)(1). Additionally, a number of cases have recently been decided which have permitted criminal prosecution, including state criminal prosecution, of debtors and debtors in possession regarding acts that constituted crimes under state or federal law. See, U.S. v. Carson, 669 F.2d 216
(5th Cir. 1982); Barnett v. Evans, 673 F.2d 1250 (11th Cir. 1982); Matter of Davis, 691 F.2d 176 (3rd Cir. 1982); In Re Guthrel, 43 B.R. 4 (Bk.Ct. E.D. Mo., 1984); Matter of Butler, 45 B.R. 46 (Bk.Ct. W.D. Mo., 1984); In Re Vik,45 B.R. 64 (Bk.Ct. N.D. Ia., 1984).
Regarding the second test, the state and federal laws are not irreconcilably in conflict because11 U.S.C. § 362 provides that criminal prosecution can be commenced against a debtor.
Additionally, 28 U.S.C. § 959(b) provides in part that, ". . . a debtor in possession, shall manage and operate the property in his possession . . . according to the requirements of the valid laws of the State in which such property is situated. . ." Thus, federal law would seem to indicate that a debtor in possession must obey the valid state laws including the criminal laws. Therefore, the federal and state laws are not in conflict.
The third test asks whether the subject matter being regulated by its nature requires national uniformity. Assuming that the subject being regulated is the manner of dealing with property subject to a security interest, because there does presently exist a variety of statutes that vary from state to state regarding what constitutes a valid security interest and how parties may dispose of said property, it would seem unlikely that a court would find that a need for national uniformity would exist.
3. As was previously quoted, 28 U.S.C. § 959(b) requires a debtor in possession to obey valid state laws as the debtor manages and operates the property in his or her possession. This together with the fact that11 U.S.C. § 362 does not prohibit the institution of criminal proceedings against a debtor in possession, make it clear that in order for the debtor in possession to operate in the ordinary course of business, the ordinary course of business would require obeying valid state laws and would subject the debtor in possession to prosecution in the event that the debtor in possession violates those laws. Moreover,28 U.S.C. § 959 helps make it clear that Congress did not intend for the Bankruptcy Act to preempt the entire field of permissible conduct by debtors in possession.
4. Information that may come into the possession of the County Attorney may indicate that actions taken by a debtor in possession constitute violations of applicable federal statutes. In that event, the complainant or witness may be referred to the U.S. attorney for investigation of the allegations. However, if the alleged actions also constitute a violation of valid state laws, although the complainant may also be referred to the U.S. attorney, there is no requirement that the County Attorney refrain from instituting appropriate charges in the event that valid state laws have been breached.
Very truly yours,
ROBERT M. SPIRE Attorney General
LeRoy W. Sievers Assistant Attorney General