STATE OF NEBRASKA, APPELLEE, V. RODNEY L. TOWLER,
APPELLANT.
481 N.W.2d 151

Filed February 28, 1992.   No. S-90-1200.

Gerard A. Piccolo, Hall County Public Defender, for appellant.

Don Stenberg, Attorney General, and Delores Coe-Barbee for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

GRANT, J.

On February 15, 1990, defendant, Rodney L. Towler, was charged by complaint in the county court for Hall County with driving a motor vehicle "on or about the 15th day of February, 1990" in Hall County while under the influence of alcoholic liquor or "when he had a concentration of ten-hundredths of one gram or more by weight of alcohol per two hundred ten liters of his breath." The complaint was captioned as "DUI 3rd Offense 39-669.07 W MO." The complaint also alleged that defendant had been convicted on July 2, 1987, of driving while intoxicated for an offense committed on January 24, 1987, in Hall County and convicted on July 2, 1987, of driving while intoxicated for an offense committed on March 23, 1987, in Hall County. The complaint alleged that "the offense

complained of is the third offense of unlawfully operating a motor vehicle . . . while under the influence of alcoholic liquor." It does not affect this case, but we take notice that the date of each prior conviction was May 11, 1987 (when defendant was found guilty of each charge), and not July 2, 1987 (when defendant was sentenced). See, e.g., *State v. Kramer*, 231 Neb. 437, 436 N.W.2d 524 (1989); *State v. Long*, 205 Neb. 252, 286 N.W.2d 772 (1980). We further note that for the purpose of determining the 10-year period, the time "shall be computed from the date of the prior offense to the date of the offense which resulted in the current conviction." Neb. Rev. Stat. § 39-669.07(4) (Cum. Supp. 1990).

On May 2, 1990, after trial to the county court sitting without a jury, defendant was found "guilty of the offense of Driving Under the Influence." After further hearing, the county court determined the conviction was defendant's third such conviction in 10 years. Defendant was sentenced on June 22, 1990, when the court fined him $500, suspended his operator's license for 15 years, and sentenced him to 6 months in the Hall County jail.

This order was timely appealed to the district court for Hall County, where the order of the county court was affirmed. Defendant has timely appealed to this court, where he assigns three errors, contending that the trial court erred (1) in determining the evidence was sufficient to support his conviction, (2) in determining that the present conviction was defendant's third such conviction within 10 years, and (3) in imposing an excessive sentence. We affirm the order of the district court affirming the order of the county court.

The record shows that on February 15, 1990, at approximately 2:10 a.m., Officer Tim Meguire of the Grand Island Police Department observed car tracks in the snow on a Grand Island road, which tracks "appeared to be weaving all over the road." He followed the tracks, which led to a van parked in the middle of a hayfield.

Meguire investigated and determined that the driver, Karen Buller, was too intoxicated to drive, as she failed several field sobriety tests. Meguire believed the other occupant was intoxicated as well. The officer informed the occupants that

they were trespassing, but that he would allow them to stay in the field if they would stay long enough to sober up before driving. He also offered to take them wherever they wished to go, if they would leave the van and ride with him. Finally, he told Buller that if they drove the van before sobering up, he would probably see them, catch them, and arrest the driver for driving while intoxicated. Meguire testified that he waited about 5 minutes and determined that the two must have decided to sober up before driving home, so he left.

At 2:20 a.m., Meguire saw the van proceeding down a road, and he followed it. He observed the van weaving and testified it "crossed the white fog line a couple of times, off the right edge of the road once or twice." He then stopped the van.

Meguire discovered the other occupant was now driving and determined that this man was defendant. Meguire detected a strong odor of alcohol on the defendant's breath and observed that his eyes were bloodshot and his "speech appeared to be somewhat slurred." Meguire then asked defendant to step out of the van and perform several field sobriety tests. Defendant did not perform any of the tests satisfactorily.

Meguire then arrested defendant for driving while under the influence of alcohol and took him to the Hall County jail to administer an Intoxilyzer test. Meguire administered the test, following health department requirements, and at 2:56 a.m. defendant's breath sample was determined to have a concentration of .186 of 1 gram by weight of alcohol per 210 liters of breath. At trial, defense counsel objected to testimony regarding the test results because Meguire had not testified to the relationship of the test results at 2:56 a.m. to defendant's breath alcohol content at the time he was driving.

On cross-examination, Meguire stated that he could offer no opinion as to what defendant's breath alcohol content was at the time he was driving. The officer stated that he believed defendant was intoxicated at that time based on the officer's observations and the results of the field sobriety tests.

Defendant's first assignment of error alleges that the State did not prove that he was under the influence of alcohol at the time he was driving the van. Defendant's contention is based on his allegation that although his breath sample tested at .186 41

minutes after his arrest, "Officer Meguire could not relate [this to] the breath level at [the] time of driving." Brief for appellant at 7.

Defendant's contention in this regard is irrelevant to the issue before this court. The trial court did not find defendant guilty of the charge of operating a motor vehicle "when he had a concentration of ten-hundredths of one gram or more by weight of alcohol per two hundred ten liters of his breath," but found defendant guilty of "Driving Under the Influence."

Insofar as the evidence on the issue of driving while under the influence of alcoholic liquor is concerned, the evidence is more than sufficient. As set out above, defendant was first encountered when he was apparently a passenger in a van which was stopped in the middle of a field. He and the driver were told not to drive. Within a few minutes of this warning, the van, which defendant was operating, was observed "weaving back and forth" and driving off the right edge of the road several times. When Meguire spoke with the defendant after stopping the van, Meguire detected the "strong" odor of alcohol on defendant's breath and observed that his eyes were bloodshot. Of five field sobriety tests given to defendant, he failed all. There was more than sufficient evidence, if believed, to prove that defendant was under the influence of alcohol at the time he was operating the van.

In reviewing a criminal conviction, the Supreme Court does not resolve conflicts of evidence, pass on credibility of witnesses, evaluate explanations, or reweigh evidence. Such matters are for the finder of fact, and the verdict must be sustained if the evidence, viewed and construed most favorably to the State, is sufficient to support the conviction. *State v. Shepard*, 239 Neb. 639, 477 N.W.2d 567 (1991). The evidence was sufficient to support a finding of guilty on the charge of driving while under the influence of alcohol.

We note that had the trial court found defendant guilty of driving a motor vehicle "when he had a concentration of ten-hundredths of one gram or more by weight of alcohol per two hundred ten liters of his breath," the evidence was also sufficient to support that finding. The case of *State v. Kubik*, 235 Neb. 612, 456 N.W.2d 487 (1990), directly addresses

defendant's contention in this regard. In *Kubik*, the defendant was administered an Intoxilyzer test 43 minutes after being stopped. The test showed an alcohol level of .139 of one gram per 210 liters of breath. In answer to Kubik's assertion that the State failed to establish the connection between the test result and the defendant's breath alcohol content at the time of his arrest, the court affirmed the admission of the test result, holding that tests administered in conformity with Neb. Rev. Stat. § 39-669.11 (Reissue 1988) " *'shall be competent evidence in any prosecution under a state statute . . . involving operating a motor vehicle while under the influence of alcoholic liquor.'* " (Emphasis in original.) *State v. Kubik*, 235 Neb. at 617, 456 N.W.2d at 492. The *Kubik* court concluded that evidence of delay between driving and testing is properly viewed as going to the weight of the test results rather than to admissibility.

Defendant's first assignment of error is without merit.

Defendant's second assignment of error alleges that the trial court erred in finding that defendant's conviction of May 2, 1990, was defendant's third conviction for driving while intoxicated. Defendant's position is posited on the fact that the two prior convictions offered by the State were based on guilty pleas and convictions on the same day—May 11, 1987. The convictions were for the offense of driving while intoxicated on January 24 and March 23, 1987.

With regard to the January 24, 1987, offense, the record shows the following: On February 11, defendant appeared for arraignment on the January 24 charge, which had been filed as "Driving Under the Influence-3rd Offense." Defendant was advised of all his rights as we have set them out in *State v. Walker*, 235 Neb. 85, 453 N.W.2d 482 (1990). Defendant requested counsel, and counsel was appointed. The journal entry next reveals that the defendant, with counsel, appeared for trial on this charge on May 11. On that date, the prosecution moved to amend the charge in the complaint to reflect a charge of "Driving Under the Influence-2nd Offense." Defendant then withdrew his previous plea of not guilty and entered a plea of guilty to the amended complaint. The court found defendant guilty and then examined "exhibit #1" and determined "this to be the defendant's second offense of Driving Under the

Influence." The court ordered a presentence investigation and continued the sentencing to July 2.

Meanwhile, on March 23, 1987, defendant was arrested and charged with "Driving Under the Influence-3rd offense." A bond setting was held on the same day. Bond was set, and an attorney was appointed to represent defendant. On March 26, the defendant, with his counsel, appeared for bond review, and the same bond was continued. The next journal entry was dated May 11, when the defendant appeared with counsel "for preliminary hearing upon the defendant's written waiver of appearance." Pursuant to a plea bargain, the prosecution amended the complaint. After amendment, the charge remained as a third-offense drunk driving charge, but a charge of assault was dismissed. Defendant entered a plea of guilty. The court found defendant guilty, accepted "exhibit #1 and #2," and determined "this to be the defendant's third offense of Driving Under the Influence." The court ordered a presentence investigation and continued sentencing to July 2.

The record does not contain any of the exhibits offered to prove defendant's prior convictions in either conviction. The record does show, however, the complaints filed for the January 24 and March 23, 1987, offenses.

Both the complaint filed for the January 24, 1987, offense and the complaint filed for the March 23, 1987, offense alleged defendant had prior driving while intoxicated convictions on July 8, 1977, in the county court for Hall County and on August 6, 1982, in the district court for Hall County. The record does not show which conviction was used as a "prior" in connection with the conviction as a second offense for the January 24 incident. Either prior conviction would have qualified as being within 10 years of this May 11, 1987, conviction. On this conviction, defendant was not granted probation, and his sentence was within the statutory limits for a second-offense drunk driving conviction—a $500 fine plus costs, 30 days' confinement in the Hall County jail, and a license suspension for 12 months.

In connection with the March 23, 1987, offense, both of the "priors," as set out above, were properly used to determine that this conviction on May 11, 1987, was defendant's third drunk

driving conviction. On this conviction, defendant was sentenced, within the statutory limits, to probation with certain conditions for 36 months, to a fine of $500 plus costs, and to 15 days in jail, and was ordered not to drive for 12 months.

In the sentencing hearing on July 2, 1987, defendant was present with counsel, and as to both offenses, defendant had the statutory opportunity, as set out in § 39-669.07, "to review the record of his . . . prior convictions . . . and make objections on the record regarding the validity of such prior convictions." Defendant apparently did not appeal either of his May 11, 1987, convictions.

With that background, we turn to the conviction on May 2, 1990, the current conviction. As set out above, the complaint alleged that defendant had two prior convictions of drunk driving on July 2, 1987—one conviction for an offense on January 24, 1987, and the second for an offense on March 23, 1987.

Defendant contends that because the two prior convictions pled and proved in the case were rendered on the same day, those convictions should be counted as one conviction in determining the number of defendant's prior convictions.

The issue before us is whether these two prior convictions satisfy § 39-669.07(2)(c), in order to sentence defendant as a third-offense drunk driver.

Section 39-669.07 provides in part:

(1) It shall be unlawful for any person to operate or be in the actual physical control of any motor vehicle:

(a) While under the influence of alcoholic liquor . . . .

(2) Any person who shall operate or be in the actual physical control of any motor vehicle while in a condition described in subsection (1) of this section shall be deemed guilty of a crime and, upon conviction thereof, shall be punished as follows:

. . . .

(c) If such person . . . has had two or more convictions under this section in the ten years prior to the date of the current conviction . . . such person shall be guilty of a Class W misdemeanor, and the court shall, as part of the judgment of conviction, order such person not to drive

any motor vehicle in the State of Nebraska for any purpose for a period of fifteen years . . . .

Defendant urges the court to interpret § 39-669.07(2)(c) in the same fashion as we have interpreted Neb. Rev. Stat. § 29-2221 (Reissue 1989), which is Nebraska's habitual criminal statute.

The language which defendant urges this court to adopt is found in *State v. Ellis*, 214 Neb. 172, 175-76, 333 N.W.2d 391, 394 (1983):

" 'Recidivist statutes are enacted in an effort to deter and punish incorrigible offenders. * * * They are intended to apply to persistent violators who have not responded to the restraining influence of conviction and punishment.' [Citation omitted.] 'It is the *commission* of the second felony *after conviction* for the first, and the *commission* of the *third* felony *after conviction* of the second that is deemed to make the defendant an incorrigible.' (Emphasis supplied.) . . ."

It is the emphasized language that defendant wishes this court to apply to § 39-669.07(2)(c). The language in *Ellis*, however, was applied to § 29-2221, a statute designed to provide a higher penalty to one convicted of committing a felony in Nebraska when that felony constitutes the third violation of the felony laws of this state or any other state, or of the laws of the federal government.

Rather than providing such a far-ranging effect on the sentence for widely disparate criminal activities, § 39-669.07 provides for specific penalties for repeated violations of the same statute. Under § 39-669.07 each repeated offense has a numerical classification, and each classification has a specific penalty.

Such penalty provisions are not subject to the analysis set out in *State v. Ellis* concerning § 29-2221. That statute applies to persons "twice convicted of crime, sentenced and committed to prison." Under that statute, a conviction, if it is to count, must be followed by commitment to prison. An added step, beyond the requirements of § 39-669.07, is necessary before conviction of a crime may constitute the basis for bringing a conviction within the meaning of § 29-2221. The additional requirement

of commitment to prison requires an analysis irrelevant to the purposes of § 39-669.07, which provides only for a counting of convictions.

In this case, the two convictions on May 11, 1987, were for two separate offenses. The offense of February 15, 1990, was the third such offense within 10 years. We hold that in proceedings under § 39-669.07(2)(c) for multiple violations of § 39-669.07, convictions rendered the same day, if imposed for separate offenses, may each constitute a prior conviction so as to warrant an enhanced penalty. Under § 39-669.07, defendant was properly sentenced. Defendant's second assignment of error is without merit.

Defendant, in his last assignment of error, contends his sentence is excessive. The contention is not only frivolous, but ludicrous. Defendant is a scofflaw—"[o]ne who treats the law with contempt, esp. a person who avoids various kinds of not easily enforceable laws." 14 The Oxford English Dictionary 663 (2d ed. 1989). In the record before us, defendant has pled guilty to drunk driving on January 24 and March 23, 1987. He has admitted drunk driving on July 8, 1977, and August 6, 1982. He has been found guilty of drunk driving on February 15, 1990. In addition, defendant's presentence investigation shows drunk driving convictions for May 11, 1976, and March 4, 1977, offenses. All of these offenses were committed in Hall County. The courts have tried, to excess, to give the defendant motivation, treatment, and solicitude to protect him from himself.

In the instant case, he was found drunk, trespassing in a field. He was warned not to drive, but was arrested 10 minutes later for drunk driving. It should be noted that this February 15, 1990, offense was committed while defendant was within his 36-month probation imposed on July 2, 1987, for his last drunk driving conviction, but his conduct was not in violation of probation because he was released early from that probation, on June 15, 1989.

The trial court did not abuse its discretion in sentencing defendant as it did. None of defendant's assignments of error have merit. The judgment of conviction and the sentence are affirmed.

AFFIRMED.