STATE OF NEBRASKA, APPELLEE, V. ALFRED S. LOPEZ,
APPELLANT.

350 N.W.2d 563

Filed June 22, 1984.   No. 83-730.

Kent E. Florom, Lincoln County Public Defender, for appellant.

Paul L. Douglas, Attorney General, and Sharon M. Lindgren, for appellee.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

WHITE, J.

This is the second appearance of this case in this court. In *State v. Lopez*, 215 Neb. 65, 337 N.W.2d 130 (1983), we affirmed the conviction of Lopez for the offenses of second degree sexual assault, Neb. Rev. Stat. § 28-320(1)(a) (Reissue 1979), and of second degree assault, Neb. Rev. Stat. § 28-309(1) (Reissue 1979). However, we determined that the flat sentence of 10 years was an improper application of the enhanced penalty statute, Neb. Rev. Stat. § 29-2221 (Reissue 1979), and remanded for resentencing. See *State v. Ellis*, 214 Neb. 172, 333 N.W.2d 391 (1983). On remand, the district court sentenced Lopez to a term of from 5 to 15 years for the sexual assault and a consecutive term of from 1 to 3 years for second degree assault.

Lopez appeals, and assigns a single error: "The District Court of Lincoln County, Nebraska, erred in resentencing the Appellant to a *potentially* longer term of imprisonment." (Emphasis supplied.) Brief for Appellant at 2.

The propriety of imposing an increased sentence after an appeal has been considered by this court recently in *State v. Beach*, 215 Neb. 213, 221-22, 337 N.W.2d 772, 777-78 (1983), where we said:

Under the decision in *Pearce* it is clearly improper for a trial court to sentence a defendant to a greater sentence after appeal and retrial simply because the defendant exercised his right to appeal.

It must be pointed out that the Court in *Pearce* also stated: "We hold, therefore, that neither the double jeopardy provision nor the Equal Protection Clause imposes an absolute bar to a more severe sentence upon reconviction. A trial judge is not constitutionally precluded, in other words, from imposing a new sentence,

whether greater or less than the original sentence, in the light of events subsequent to the first trial that may have thrown new light upon the defendant's 'life, health, habits, conduct, and mental and moral propensities.' *Williams v. New York*, 337 U.S. 241, 245 [69 S. Ct. 1079, 93 L. Ed. 1337 (1949)]. Such information may come to the judge's attention from *evidence adduced at the second trial* itself, from a *new presentence investigation*, from the defendant's prison record, or possibly from other sources." (Emphasis supplied.) *Id.* at 723.

And, finally: "In order to assure the absence of such a motivation, we have concluded that whenever a judge imposes a more severe sentence upon a defendant after a new trial, the reasons for his doing so must affirmatively appear. Those reasons must be based upon objective information concerning identifiable conduct on the part of the defendant occurring after the time of the original sentencing proceeding. And the factual data upon which the increased sentence is based must be made part of the record, so that the constitutional legitimacy of the increased sentence may be fully reviewed on appeal." *Id.* at 726.

It seems, by the decision in *Pearce*, the trial court in its discretion could increase the defendant's sentence without violating his due process rights, if such action was justified by reasons affirmatively appearing in the record.

It is apparent from the record, and not disputed by the parties, that no new or additional information concerning either the facts of the offenses or adverse information concerning other past offensive conduct was presented to the trial judge at the resentencing hearing. Therefore, under *State v. Beach*, *supra*, the court erred when resentencing Lopez if the term to which he was resentenced was longer than that originally imposed. We conclude

that it was, and remand for the imposition of a new sentence.

We first observe that § 29-2221, under which Lopez was originally sentenced, does not create a new offense, but is designed to enhance penalties for repetitive criminal behavior. *Davis v. O'Grady*, 137 Neb. 708, 291 N.W. 82 (1940). We further observe that under § 29-2221 the range of sentence allowed is "not less than ten nor more than sixty years." The difficulty arises due to the fact that Lopez was convicted of two felonies, second degree sexual assault and second degree assault, but he was sentenced to only one 10-year term of imprisonment. The trial court's order does not detail to which of the two felony convictions the sentence applies. We assume that the trial court sentenced Lopez to 10 years on each count, with the sentences to run concurrently. As such, the 10-year term originally imposed on Lopez constituted both the minimum and maximum terms for the purposes of parole eligibility and mandatory release date. Neb. Rev. Stat. § 83-1,107 (Reissue 1981).

Under the consecutive sentences imposed by the trial court upon resentencing, the maximum term is 18 years. This is an increased sentence, prohibited by *State v. Beach*, *supra*, and must be set aside. The sentences are vacated and the cause is remanded to the district court for the imposition of any lawful sentence wherein the maximum term does not exceed 10 years, with credit for time served awaiting or serving the previous sentences.

REMANDED WITH DIRECTIONS.