STATE OF NEBRASKA, APPELLANT AND CROSS-APPELLEE, V. JOHN GOLDEN, APPELLEE AND CROSS-APPELLANT.

415 N.W.2d 469

Filed November 20, 1987.   No. 86-1019.

George Rhodes, Custer County Attorney, for appellant.

Steven O. Stumpff of Stumpff Law Office, for appellee.

BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ., and COLWELL, D.J., Retired.

COLWELL, D.J., Retired.

Appellee, John Golden, was charged in two counts with assaulting an officer in the third degree, Neb. Rev. Stat. § 28-931(1) (Reissue 1985), a Class IV felony, and with using a firearm to commit a felony, Neb. Rev. Stat. § 28-1205(1) (Reissue 1985), a Class III felony. Golden entered pleas of guilty

to both charges, and he was sentenced to 3 years' probation subject to conditions including 90 days in jail.

The State appeals this sentence, pursuant to Neb. Rev. Stat. §§ 29-2320 to 29-2325 (Reissue 1985), assigning these errors: (1) The court erred in failing to impose two consecutive sentences upon the defendant, and (2) the sentence imposed was excessively lenient.

Golden cross-appeals, assigning as error that the trial court failed to advise him that, according to § 28-1205(3), the sentence for using a firearm to commit a felony must be served consecutively to any other sentence.

Briefly, the facts were that Golden, age 56 years, had a history of alcoholism accompanied by physical violence. In the late evening of June 25, 1986, Golden became intoxicated at his home in Broken Bow, Nebraska; he quarreled with his wife and struck her; and she summoned the police. Golden's recollection of later proceedings is vague. Then followed a full-scale scenario of a SWAT-team-type standoff and arrest of Golden, including his threatening the officers with a gun and statements such as "stay there or I'll drop you," "I've got a dead shot at you," and "I'm going to take one of you, I'm going to take you all." Golden was forcibly arrested, and two officers were bruised and scratched.

Golden was originally charged with seven felonies which, after a plea bargain including his agreement to enter guilty pleas, were reduced to the two felonies involved here.

We first consider Golden's cross-appeal, which is essentially that his guilty pleas were involuntary. At the November 13, 1986, arraignment, the judge conducted a lengthy and detailed explanation of Golden's constitutional rights that he would waive in the event of his guilty pleas to the two charges, as provided in *State v. Irish*, 223 Neb. 814, 394 N.W.2d 879 (1986). The lone exception was an error in the explanation of the maximum possible penalties that might be imposed, which was critical, since in the event of Golden's conviction of the crime of using a firearm to commit a felony, the provision in § 28-1205(3) that "sentences imposed under the provisions of this section shall be consecutive to any other sentence imposed" is a mandate to a sentencing court to impose a consecutive

sentence. *State v. Stratton*, 220 Neb. 854, 374 N.W.2d 31 (1985).

Where a defendant was unaware of the penal consequences of his guilty plea because he had been misinformed by the court, his plea is not voluntary. See, *State v. McMahon*, 213 Neb. 897, 331 N.W.2d 818 (1983); *People v Woeltje*, 112 Mich. App. 699, 317 N.W.2d 230 (1982).

The judge explained that the penalty for third degree assault on an officer was "a maximum sentence of 5 years in prison or $10,000 fine or both and there is no minimum" and that using a firearm to commit a felony carries "a maximum sentence of 20 years in prison or $25,000 fine or both and there is a minimum of one year imprisonment." He further explained that he could impose the sentences "concurrently or consecutively." Golden was not informed that § 28-1205(3) mandated a consecutive sentence.

Since Golden was misinformed concerning the mandatory requirement of a consecutive sentence, § 28-1205(3), and the record does not otherwise affirmatively show that he understood that statutory requirement, and since the guilty pleas to the two related separate charges were the result of plea bargaining, we conclude that both pleas of guilty were involuntary and that both convictions should be set aside. This cause is remanded for further proceedings consistent with this opinion.

It is not intended that this disposition is a response to the unanswered question presented in *State v. Suffredini*, 224 Neb. 220, 397 N.W.2d 51 (1986).

It is not necessary to discuss appellant's assignments of error.

REVERSED AND REMANDED FOR
FURTHER PROCEEDINGS.