STATE OF NEBRASKA, APPELLANT AND CROSS-APPELLEE, V. JOHN GOLDEN, APPELLEE AND CROSS-APPELLANT.

430 N.W.2d 900

Filed October 28, 1988.   No. 88-102.

George G. Rhodes, Custer County Attorney, for appellant.

Steven O. Stumpff, of Stumpff Law Office, for appellee.

BOSLAUGH, SHANAHAN, and GRANT, JJ., and ENDACOTT and QUIST, D. JJ.

PER CURIAM.

Claiming that the sentences imposed are too lenient, see Neb. Rev. Stat. § 29-2320 (Reissue 1985), the State appeals from the judgment of the district court for Custer County sentencing John Golden to 3 years' probation plus 90 days in the county jail for third degree assault on a police officer, see Neb. Rev. Stat. § 28-931(1) (Reissue 1985), and a consecutive sentence of 2 years' probation for use of a firearm in the commission of a felony, see Neb. Rev. Stat. § 28-1205(1) (Reissue 1985). Golden cross-appeals, contending that the sentences are excessive.

This is the second appearance of this case in this court. The factual basis for the charges is contained in our first opinion. See *State v. Golden*, 226 Neb. 863, 415 N.W.2d 469 (1987).

At Golden's first trial he pled guilty to the charges of third

degree assault on a peace officer and use of a firearm to commit a felony, and was sentenced to 90 days in the county jail and 3 years' probation. The State challenged those sentences as excessively lenient, and Golden cross-appealed, alleging that his guilty pleas were involuntary. Determining that Golden's pleas were involuntary, this court reversed the previous convictions of Golden and remanded to the district court for further proceedings. See *State v. Golden, supra*.

On remand, Golden again pled guilty. This time the court sentenced Golden to 3 years' probation plus 90 days in the county jail on the assault charge and 2 years' consecutive probation on the firearm charge, or a total of 5 years' probation.

The State appealed again under § 29-2320, claiming that the sentences imposed are excessively lenient.

We first note that Golden's guilty pleas entered after remand satisfy the requirements of *State v. Irish*, 223 Neb. 814, 394 N.W.2d 879 (1986), for a valid guilty plea. The record affirmatively demonstrates that Golden waived all rights specified in *Irish*; therefore, Golden entered valid guilty pleas.

Regarding a claim of an excessively lenient sentence, we have held that, absent an abuse of discretion by the trial court, a grant of probation will not be disturbed on appeal. *State v. Stastny*, 227 Neb. 748, 419 N.W.2d 873 (1988). There is no abuse of discretion in this case. In imposing a sentence of probation, the trial court relied on the absence of felony charges in Golden's prior record and Golden's ability to stay out of trouble during the 18 months after the incident in question. Although the jail time imposed does not approach the maximum incarceration authorized as a penalty, see Neb. Rev. Stat. § 28-105(1) (Reissue 1985), we do not find an abuse of discretion and, therefore, affirm the sentences imposed on Golden.

On his cross-appeal, Golden claims that the sentences were excessive because the trial court imposed heavier sentences after conviction on remand than were imposed originally. See Neb. Rev. Stat. § 29-2308 (Reissue 1985).

Golden correctly points to our opinions in *State v. Lopez*, 217 Neb. 719, 350 N.W.2d 563 (1984), and *State v. Beach*, 215

Neb. 213, 337 N.W.2d 772 (1983), which adhered to *North Carolina v. Pearce*, 395 U.S. 711, 89 S. Ct. 2072, 23 L. Ed. 2d 656 (1969). *Pearce* held that a different sentence could be imposed on retrial where events subsequent to the first trial had shed new light on the defendant's character and where the reasons for imposing a heavier sentence appeared in the record. The trial judge in this case indicated on the record that "circumstances have not materially changed since the last sentencing." Thus, there was no basis for increasing the sentences after remand. The increased subsequent sentences imposed on Golden are not allowable under constitutional guarantees. See, *State v. Lopez, supra*; *North Carolina v. Pearce, supra*. We, therefore, reduce Golden's sentences from a total of 90 days in jail plus 5 years' probation to 90 days in jail plus 3 years' probation, the sentences imposed after Golden's previous convictions.

AFFIRMED AS MODIFIED.