STATE OF NEBRASKA, APPELLEE, V. LLOYD W. MCARTHUR,
APPELLANT.
432 N.W.2d 839

Filed December 16, 1988.   No. 88-540.

Kent F. Jacobs, of Blevens & Jacobs, for appellant.

Robert M. Spire, Attorney General, and James H. Spears for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

FAHRNBRUCH, J.

The defendant, Lloyd W. McArthur, was originally charged in York County with eight separate crimes occurring on two separate dates. Pursuant to a plea agreement, the defendant entered pleas of nolo contendere to three felonies: (1) assault in the second degree, a Class IV felony, in violation of Neb. Rev. Stat. § 28-309 (Reissue 1985); (2) felon in possession of a firearm, a Class IV felony, in violation of Neb. Rev. Stat. § 28-1206 (Reissue 1985); and (3) using a deadly weapon to commit a felony, a Class III felony, in violation of Neb. Rev. Stat. § 28-1205 (Reissue 1985).

The trial court, after accepting the defendant's pleas of nolo contendere and finding him guilty as a matter of law, sentenced McArthur to 1 to 5 years' imprisonment on each of the Class IV

convictions and to 6 to 20 years on the Class III conviction. The sentences were ordered to be served consecutively.

A Class IV felony carries a possible penalty of up to 5 years' imprisonment and/or up to a $10,000 fine. A Class III felony carries a possible penalty of not less than 1 nor more than 20 years' imprisonment and/or up to a $25,000 fine. Neb. Rev. Stat. § 28-105 (Reissue 1985).

Upon an initial appeal, this court found that prior to accepting the pleas and finding the defendant guilty as a matter of law on each count, it was explained to the defendant that sentences on each count "can be ordered to be served consecutively, that is to say, one after the other." However, it was not explained to the defendant that, pursuant to § 28-1205, the sentence on the charge of using a deadly weapon to commit a felony is *required* to be served consecutively to the underlying charge. Therefore, the defendant was not fully advised of the consequences of his pleas at the time of his arraignment. See *State v. Golden*, 226 Neb. 863, 415 N.W.2d 469 (1987).

This court vacated the judgment and sentences and remanded the cause to the district court for further proceedings.

On remand, at rearraignment in the York County District Court, the defendant pleaded nolo contendere to assault in the second degree and to the use of a deadly weapon in commission of a felony. The possession of a firearm charge was dismissed.

The defendant was sentenced to imprisonment for a period of 20 months to 5 years on the assault conviction and 80 months to 20 years on the weapons conviction. The weapons sentence was ordered to be served consecutively to the assault sentence.

In his second appeal, McArthur only assigns as error that the trial court increased the minimum sentence on each of the two charges. Thus, the assigned error is one of excessiveness of sentence. Upon resentencing, the combined minimum sentence on these two charges was increased by 16 months. In its brief, the State concedes that the prior minimum sentences should be reinstated.

> [W]henever a judge imposes a more severe sentence upon a defendant after a new trial, the reasons for his doing so must affirmatively appear. Those reasons must be based

upon objective information concerning identifiable conduct on the part of the defendant occurring after the time of the original sentencing proceeding. And the factual data upon which the increased sentence is based must be made part of the record, so that the constitutional legitimacy of the increased sentence may be fully reviewed on appeal.

*North Carolina v. Pearce,* 395 U.S. 711, 726, 89 S. Ct. 2072, 23 L. Ed. 2d 656 (1969). See, also, *State v. Golden, ante* p. 284, 430 N.W.2d 900 (1988).

As stated in *Pearce,* 395 U.S. at 724, "[T]he imposition of a penalty upon the defendant for having successfully pursued a statutory right of appeal . . . would be . . . a violation of due process of law." See, also, *Nichols v. United States,* 106 F. 672 (1901).

In McArthur's case, the record is devoid of any explanation for the increase in the minimum sentences. Therefore, the increased minimum sentences cannot withstand constitutional due process scrutiny and must be modified.

Under Neb. Rev. Stat. § 29-2308 (Reissue 1985), the Nebraska Supreme Court has the duty to render such reduced sentence against the accused as in our opinion may be warranted.

We find that on the assault in the second degree charge, McArthur's sentence should be and hereby is modified from not less than 20 months' nor more than 5 years' imprisonment to not less than 1 nor more than 5 years' imprisonment.

We find that on the charge of using a deadly weapon in the commission of a felony, McArthur's sentence should be and hereby is modified from not less than 80 months' nor more than 20 years' imprisonment to not less than 6 nor more than 20 years' imprisonment. The sentence on the use of a deadly weapon charge shall be served consecutively to the sentence on the assault in the second degree charge. The sentences shall be served in the facilities provided by the state Department of Correctional Services.

We agree with the trial judge, and hereby order that McArthur be given credit on his sentences for time spent in jail and the facilities of the state Department of Correctional

Services regarding these charges. The trial court is ordered to determine the number of days to be credited on the sentences.

AFFIRMED AS MODIFIED, AND CAUSE REMANDED WITH DIRECTIONS.