STATE OF NEBRASKA, APPELLEE, V. ALFRED S. LOPEZ, APPELLANT.

337 N.W.2d 130

Filed July 29, 1983. No. 82-767.

John P. Murphy, Lincoln County Public Defender, for appellant.

Paul L. Douglas, Attorney General, and Ruth Anne E. Galter, for appellee.

KRIVOSHA, C.J., BOSLAUGH, McCOWN, WHITE, HASTINGS, CAPORALE, and SHANAHAN, JJ.

WHITE, J.

This is an appeal from the District Court for Lincoln County, Nebraska. The appellant, Alfred S. Lopez, was convicted of second degree sexual assault, Neb. Rev. Stat. § 28-320(1)(a) (Reissue 1979), a Class III felony, and of second degree assault, Neb. Rev. Stat. § 28-309(1) (Reissue 1979), a Class IV felony. The appellant was found to be a treatable mentally disordered sex offender. The court further found that the conviction of second degree assault was the third conviction of a felony and found the appellant to be an habitual criminal. Appellant was sentenced to a term of 10 years, with credit for time spent in the county jail prior to sentence.

Two errors are assigned: (1) The evidence is insufficient to sustain the verdict; and (2) The court erroneously enhanced the sentences.

We will discuss the second assignment of error first. The trial court sentenced the appellant pursuant to our holding in *State v. Pierce*, 204 Neb. 433, 283 N.W.2d 6 (1979), that two prior convictions arising out of the same set of circumstances may be used to impose an enhanced penalty pursuant to Neb. Rev. Stat. § 29-2221 (Reissue 1979). However, *State v. Pierce* was reconsidered and overruled in *State v. Ellis*, 214 Neb. 172, 333 N.W.2d 391 (1983). The sentence of the court was therefore erroneous, and the cause must be remanded to the District Court for resentencing.

With respect to the first assignment of error we have said: " 'In determining the sufficiency of the evidence to sustain a conviction in a criminal prosecution, it is not the province of the Nebraska Supreme Court to resolve conflicts in the evidence, pass upon the credibility of witnesses, determine plausibility of explanations, or weigh the evidence, as such matters are for the jury. The verdict of the jury must be sustained if, taking the view most favorable to the State, there is sufficient evidence to

support it.' (Syllabus of the court.) *State v. True*, 210 Neb. 701, 316 N.W.2d 623 (1982). Moreover, '[a] verdict by a trier of fact in a criminal proceeding will be sustained if, taking the view most favorable to the State, there is sufficient evidence to support it.' *State v. Hilker*, 210 Neb. 810, 812, 317 N.W.2d 82, 84 (1982)." *State v. Ellis, supra* at 174, 333 N.W.2d at 393.

Section 28-320 provides in part: "(1) Any person who subjects another person to sexual contact and (a) overcomes the victim by force, threat of force, express or implied, coercion, or deception . . . is guilty of sexual assault in either the second degree or third degree.

"(2) Sexual assault shall be in the second degree and is a Class III felony if the actor shall have caused serious personal injury to the victim."

Section 28-309 provides in part: "(1) A person commits the offense of assault in the second degree if he: (a) Intentionally or knowingly causes bodily injury to another person with a dangerous instrument . . . ."

The appellant does not argue the sufficiency of the evidence to establish that it was the appellant who was the actor in the attack on the victim. Rather, he argues strenuously that so far as the sexual assault charge is concerned, "there was no serious personal injury to the victim," and on the second degree assault there was not sufficient proof of "bodily injury." A limited recitation of the facts is necessary.

At approximately 1 a.m. the victim left a girl friend's house in North Platte and drove her car to another address in North Platte to see a boyfriend. As she drove she observed a car following her. After parking the car near the boyfriend's residence she left the car. The following car, which the victim assumed was that of an acquaintance of her boyfriend, parked behind her car. As she walked toward the house she was seized from the rear, a

hand was placed over her mouth, and the other hand held a knife pressed to her throat. She was forced across the street, with the knife now at her back and the other hand still over her mouth, into a backyard of a residence in the area. The victim was instructed to disrobe and the attacker rubbed her genital area. The victim was still in the grasp of the attacker and was instructed to move to another area where the attacker again touched the genital area. The victim lay down as instructed, and when the attacker attempted to lie on her, the victim poked a finger into the attacker's eye and was struck by the closed fist of the attacker on the eyes and about the head a total of seven times. The attacker then fled. The victim sustained a severe black eye, bumps and bruises about the head, and a wound on the back from the knife, the knife apparently just cutting the skin and not seriously penetrating. The knife was recovered from the scene and identified by the attacker's housemates, and was offered and received in evidence. The victim suffered headaches for a week and fear of being out at night alone.

The argument that the victim did not suffer bodily injury from a dangerous instrument by reason of the slight wound in the back borders on the frivolous. The evidence clearly supports the jury's finding of guilty of second degree assault.

"Serious personal injury shall mean great bodily injury or disfigurement, extreme mental anguish or mental trauma, pregnancy, disease, or loss or impairment of a sexual or reproductive organ." Neb. Rev. Stat. § 28-318(3) (Reissue 1979).

This court has previously defined the term "great bodily injury." The term "great bodily injury," as employed in the Criminal Code, is not susceptible of a precise definition, but implies an injury of a graver and more serious character than an ordinary battery; and whether a particular case is within the meaning of the statute is generally a question of fact for the jury. *Hallett v. State*, 109 Neb. 311, 190 N.W.

862 (1922); *State v. McDaniels*, 145 Neb. 261, 16 N.W.2d 164 (1944). Accordingly, Black's Law Dictionary 139 (5th ed. 1979) defines a simple battery as one not accompanied by circumstances of aggravation, or not resulting in grievous bodily injury.

It is clear from the evidence adduced at trial that the victim suffered an assault with a knife, that the defendant struck her very hard several times about the head, that she had bruises and abrasions on her face, that she experienced a very sore neck, and that she was wounded with the knife on her back. Furthermore, the victim suffered paranoia and trauma as a result of the attack, and testified that she is fearful of going out alone at night, and is constantly looking to see if someone is following her.

The evidence was sufficient to submit the issue to the jury as to whether the victim suffered severe personal injury. The first assignment of error is without merit.

The trial court erroneously sentenced the defendant to a single term of 10 years on the two counts under an improper application of the habitual criminal statute. The sentence was erroneous and the cause must be remanded for resentencing.

REVERSED AND REMANDED.