STATE OF NEBRASKA, APPELLEE, V.
KEVIN V. JOHNSON, APPELLANT.
585 N.W. 2d 486

Filed September 29, 1998.   No. A-98-136.

William F. Eustice for appellant.

Don Stenberg, Attorney General, and J. Kirk Brown for appellee.

HANNON, SIEVERS, and MUES, Judges.

SIEVERS, Judge.

This matter is submitted for decision without oral argument because it is upon a guilty plea. This case presents issues involving a guilty plea to a habitual criminal charge and the extent to which a defendant may have waived errors in the State's presentation against him by his guilty plea.

On January 7, 1998, an information was filed in the district court for Pierce County, Nebraska, charging Kevin V. Johnson with unlawful possession of a controlled substance with intent to deliver, a Class III felony. That information also charged Johnson with operating a motor vehicle during a period of suspension, second offense, and with being a habitual criminal under Neb. Rev. Stat. § 29-2221 (Reissue 1995). The allegations of the habitual criminal count were that on July 10, 1995, Johnson was convicted by the district court for Madison County of possession of a controlled substance and sentenced to an indeterminate term of not less than 18 months' nor more than 3 years' incarceration. The second allegation of a previous conviction was that on that same date, Johnson was also convicted in the district court for Pierce County on a charge of possession

of a controlled substance with intent to deliver and sentenced to an indeterminate term of not less than 18 months' nor more than 3 years' incarceration.

As part of a plea agreement which came before the court on January 12, 1998, an amended information was filed that dropped the charge of driving while under suspension. The defendant was advised by the court of the nature of the charges and penalties and then informed of his rights. Johnson then stated that he wished to plead guilty to the possession charge as well as the charge of being a habitual criminal. With regard to the factual basis for the possession charge, Johnson stated that when he "was pulled over by a highway patrolman," Johnson "had a small amount of methamphetamine" in his pocket, and that he knew it was such because the person who gave it to him told him that. The State informed the court that two bags had been removed from Johnson's pocket and the contents were later tested as methamphetamine. One bag weighed 4.7 grams, and the other weighed 1 gram.

At this point, the State offered exhibits 1 and 2, certified copies of Johnson's two prior convictions, without objection from Johnson's counsel. Exhibits 1 and 2 were received by the court "for the purposes of determining whether or not the defendant is an habitual criminal." Exhibit 1 includes an information charging Johnson with possession of methamphetamine in Madison County on December 21, 1994, plus the district court's journal entry indicating that Johnson appeared in court with his counsel, was advised of his rights, and entered a plea of guilty to that charge. Johnson was sentenced, according to exhibit 1, on July 10, 1995, to an indeterminate term of not less than 18 months' nor more than 3 years' incarceration, said sentence to be served concurrent with the sentence in "Case No. 7137 in the District Court of Pierce County . . . ."

Exhibit 2 includes a journal entry from the aforementioned case No. 7137 from the district court for Pierce County, reciting that Johnson was before that court on May 8, 1995, charged with possession of a controlled substance. The journal entry recites that Johnson pleaded guilty, but it does not contain the factual basis for this plea or its acceptance by the district court. The journal entry set the conviction in case No. 7137 for sen-

tencing on July 10. Exhibit 2 also includes a second journal entry showing that Johnson was sentenced on July 10, 1995, for an indeterminate term of not less than 18 months' nor more than 3 years' incarceration. The information filed against Johnson in case No. 7137 is not included in exhibit 2, nor is it in the record before us. Thus, we are without knowledge as to *when* and *where* the offense occurred which led to the guilty plea reflected in exhibit 2.

After receiving exhibits 1 and 2 in this case, the trial court accepted Johnson's guilty plea on the habitual criminal charge. This subjected Johnson to a penalty of not less than 10 nor more than 60 years' incarceration on the underlying charge of possession of a controlled substance. The trial court sentenced Johnson to 10 years in prison.

Johnson timely appeals to this court.

## ASSIGNMENT OF ERROR

Johnson alleges that the trial court erred "in enhancing sentence for conviction of possession of a controlled substance on [the] basis of finding that the conviction was third conviction of a felony."

## STANDARD OF REVIEW

A trial court is afforded discretion in deciding whether to accept guilty pleas, and an appellate court will reverse the trial court's determination only in case of an abuse of discretion. *State v. Dodson*, 250 Neb. 584, 550 N.W.2d 347 (1996).

## ANALYSIS

Johnson's argument is that under the habitual criminal statute, § 29-2221(1), the State failed to prove he was "twice convicted of a crime, sentenced, and committed to prison." Johnson argues that the evidence showed only that he was sentenced on the same day, July 10, 1995, in two separate counties to the same sentence of not less than 18 months' nor more than 3 years' incarceration, to run concurrently. Johnson asserts that the law is that two or more prior convictions arising out of the same set of circumstances may not be used to impose an enhanced penalty under § 29-2221, citing *State v. Lopez*, 215 Neb. 65, 337 N.W.2d 130 (1983). We agree with this assertion.

In *Lopez*, the defendant was convicted of second degree sexual assault and second degree assault. The trial court found that the conviction of second degree assault was a third conviction of a felony and thus found Lopez to be a habitual criminal. Citing *State v. Ellis*, 214 Neb. 172, 333 N.W.2d 391 (1983), the Supreme Court in *Lopez* found that the sentence was erroneous because the holding in *State v. Pierce*, 204 Neb. 433, 283 N.W.2d 6 (1979) had been overruled. *Pierce* had held that where two prior convictions arose out of the same set of circumstances, they could be used to impose an enhanced penalty under the habitual criminal statute. This was changed by *Ellis, supra.*

While Johnson asserts that the two drug convictions used to enhance his sentence "emanate from the same series of events, i.e., drug trafficking and possession in Pierce County and Madison County," brief for appellant at 4, that assertion cannot be verified by the record. Exhibit 1 in the record shows that Johnson was charged and pled guilty on December 21, 1994, to possession of methamphetamine in Madison County. However, the record fails to show on what date Johnson's second felony conviction, possession of a controlled substance in Pierce County, occurred. The significance of this comes from the holding of *Ellis* that it is the commission of the second felony after conviction of the first and the commission of the third felony after conviction of the second which is deemed to make the defendant incorrigible and thus subject to the habitual criminal statute, citing *Coleman v. Commonwealth*, 276 Ky. 802, 125 S.W.2d 728 (1939).

The *Ellis* court cites numerous cases for the general proposition that where the sequence of prior convictions is an issue, the rule followed in the majority of jurisdictions is that each successive felony must be committed after the previous felony conviction in order to count toward habitual criminal status. Thus, *Ellis* stated as follows:

> We . . . declare that in order to warrant the enhancement of the penalty under the Nebraska habitual criminal statute, § 29-2221, the prior convictions, except the first conviction, must be for offenses committed after each preceding conviction, and all such prior convictions must precede the commission of the principal offense.

214 Neb. at 176, 333 N.W.2d at 394. While *Ellis* was a 4-to-3 decision, it appears to remain the law. Thus, the applicable case law requires a certain order or time line for previous felony convictions which are later used under the habitual criminal statute.

■ This record, therefore, does not allow us, or a trial judge for that matter, to conclude that Johnson's prior convictions were for successive crimes. Thus, on the face of the matter, it appears that the evidence, exhibits 1 and 2, although not objected to by Johnson, fail to prove the prerequisites for a finding that Johnson was a habitual criminal. The State argues that any problem in this regard is cured by the absence of a timely objection to exhibits 1 and 2 because errors in the admission of evidence are waived by failure to object at trial, citing *State v. Williams*, 247 Neb. 878, 530 N.W.2d 904 (1995). While the State's proposition of law is basically correct, the issue raised by Johnson is not the improper admission of exhibits 1 and 2, but whether they prove the elements necessary for a finding that Johnson is a habitual criminal. On their face, exhibits 1 and 2 do not prove the elements of the habitual criminal charge.

■ The State also reminds us that Johnson pleaded guilty to being a habitual criminal. A guilty plea admits all facts recited in open court by the State and all facts alleged in the information, including the time and place that the offense was committed. *State v. Bargen*, 219 Neb. 416, 363 N.W.2d 393 (1985). However, before accepting a guilty plea, the trial court must determine, among other things, whether a factual basis for the plea exists. *Id*. The habitual criminal statute does not constitute a separate criminal offense, but, rather, serves as an enhancement of the penalty for the crime committed. *State v. Luna*, 211 Neb. 630, 319 N.W.2d 737 (1982). Therefore, a guilty plea is only an admission of the truth of the allegations of the information by which habitual criminal status is alleged. But, in this case, the information did not contain sufficient factual allegations to satisfy the requirement that the two prior crimes be successive and not arising out of the same set of circumstances. Therefore, the guilty plea is not determinative here.

In *State v. Belmarez*, 254 Neb. 467, 474, 577 N.W.2d 264, 269 (1998), the Supreme Court detailed the rights of which a defendant must be advised and stated: "Additionally, the record

must establish that (1) there is a factual basis for the plea . . . ." Thus, the question becomes whether the trial judge, by looking at the evidence presented by the State, admitted without objection, could find that there was a factual basis for Johnson's plea of guilty to the habitual criminal charge and could thereby accept his plea. Given that *State v. Lopez*, 215 Neb. 65, 337 N.W.2d 130 (1983), holds that crimes arising out of the same set of circumstances cannot be used and *State v. Ellis*, 214 Neb. 172, 333 N.W.2d 391 (1983), requires that the crimes be successive, our answer is in the negative. The result is that the guilty plea should not have been accepted. See *State v. Dodson*, 250 Neb. 584, 592, 550 N.W.2d 347, 354 (1996) (holding that State's reference to only "30th and Fowler Streets" did not establish necessary element of venue when nothing in record showed that this location was in Omaha or Douglas County and trial court abused its discretion in accepting guilty plea).

While it seems logical that Johnson could not possess contraband in Madison County and Pierce County without doing so successively, because a person cannot be in more than one place at a time, there is still the question of whether the crimes arose out of the same set of circumstances. Given that Johnson was sentenced on July 10, 1995, in both Pierce and Madison Counties and that the court imposed concurrent sentences, the stronger inference, to the extent that any inference is reasonable, is that the two convictions arose out of the same set of circumstances. Nonetheless, we do not premise our holding on that inference, but, rather, on the failure of exhibits 1 and 2 to establish that the two prior felonies were committed successive to each other, a necessary factual predicate for finding that Johnson was a habitual criminal. For that reason, the record does not show a factual basis for the court's finding that Johnson was a habitual criminal. Therefore, Johnson should not have been sentenced as a habitual criminal, and we vacate the sentence and remand the matter to the district court for resentencing. As far as remand is concerned, when the factual basis for a guilty plea was lacking in *Dodson, supra*, the Supreme Court vacated the sentences and convictions and granted the defendant a new trial. Here, we remand for a new enhancement hearing, and as a necessary adjunct thereto, Johnson must be

sentenced anew on the principal crime. However, the conviction on the principal charge stands.

SENTENCE VACATED, AND CAUSE REMANDED FOR RESENTENCING.