IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**

STATE V. PINEDA

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

STATE OF NEBRASKA, APPELLEE,

V.

JULIO HECTOR LEMUS PINEDA, APPELLANT.

Filed May 10, 2016.    No. A-15-869.

Appeal from the District Court for Lancaster County: JOHN A. COLBORN, Judge. Affirmed.

Thomas Niklitschek for appellant.

Douglas J. Peterson, Attorney General, and Kimberly A. Klein for appellee.

IRWIN, PIRTLE, and BISHOP, Judges.

PIRTLE, Judge.

## INTRODUCTION

Julio Pineda appeals his convictions and sentences in the district court for Lancaster County for one count of first degree sexual assault, and one count of third degree sexual assault of a child. Pineda asserts the district court erred in overruling his motions for mistrial and overruling his objection to the State amending the information prior to trial. He also asserts that he received ineffective assistance of trial counsel. For the reasons that follow, we affirm.

## BACKGROUND

On December 18, 2014 Pineda was charged by information with two criminal counts. Count I alleged first degree sexual assault of a child, a Class IB Felony pursuant to Neb. Rev. Stat. § 28-319.01(2). Count II alleged third degree sexual assault of a child, a Class IIIA felony, pursuant to § 28-320.01(3). It was alleged that on or between November 8 and November 9, 2014 Pineda,

- 1 -

a person at least 19 years of age or older, subjected a person under 12 years of age to sexual penetration and sexual contact. The State further alleged the offenses were aggravated, according to the terms defined in Neb. Rev. Stat. § 29-4001.01(1).

On May 5, 2015 the State moved to amend the information as to Count I because the State became aware on that day that there was an error in the alleged victim's date of birth. Pineda objected, and the court sustained the State's motion. Count I of the amended information alleged first degree sexual assault, a Class II felony, pursuant to § 28-319(1)(C). The amended information corrected the birthdate of the alleged victim, and the remaining factual allegations remained the same. Pineda waived the right to service and a preliminary hearing on the amended information. Pineda entered a plea of not guilty to the amended charges. Trial was held before a jury, and on May 11 Pineda was convicted of both counts in the amended information.

Pineda filed a motion for new trial on May 21, 2015 alleging prosecutorial misconduct in the opening and closing statements, and an abuse of discretion by the district court in failing to grant a mistrial, and allowing the State to amend the information. A hearing on his motion for new trial was held on September 3, 2015 and the district court overruled the motion.

Sentencing took place on the same day. Pineda was sentenced to imprisonment, as the court found it was necessary for the protection of the public, and because a lesser sentence would depreciate the seriousness of his crimes and promote disrespect for the law. On Count I Pineda was sentenced to a term of imprisonment for a period of not less than 25 years nor more than 40 years, and on Count II for a period of not less than 3 years nor more than 5 years. The sentences were ordered to be served concurrently, and he was given credit for 295 days served.

## ASSIGNMENTS OF ERROR

Pineda asserts the trial court erred by overruling his motions for mistrial. He asserts the trial court erred by overruling his objection to the State's request to amend the information so close to the start of trial. Pineda also asserts that he received ineffective assistance of counsel.

## STANDARD OF REVIEW

Whether to grant a motion for mistrial is within the trial court's discretion, and an appellate court will not disturb its ruling unless the court abused its discretion. *State v. Oliveira-Continho,* 291 Neb. 294, 865 N.W.2d 740 (2015).

A ruling on whether to allow a criminal information to be amended is made by the trial court in its discretion. *State v. Johnson,* 290 Neb. 369, 859 N.W.2d 877 (2015). A judicial abuse of discretion means that the reasons or rulings of the trial court are clearly untenable, unfairly depriving a litigant of a substantial right, and denying a just result in matters submitted for disposition. *Id.*

The resolution of an ineffective assistance of counsel claim made on direct appeal turns on the sufficiency of the evidence. *State v. Casares,* 291 Neb. 150, 864 N.W.2d 667 (2015).

ANALYSIS

*Motions for Mistrial.*

Pineda asserts the trial court erred "by not granting the Defendant's motions for mistrial due to repeated statements intentionally made by the prosecutor at opening and closing statements that made it impossible for the Defendant to receive a fair trial." He asserts "On no less then [sic] 3 times the prosecutor made argumentative and other prejudicial statements to the jury. On one such occasion the State told the jury that cross examination of a witness is less credible because leading questions are used." Brief for appellant at 7. Pineda asserts the State is seen as "in a position of power and importance that jurors would trust," and the State engaged in misconduct by making the alleged statements. *Id.* Thus, Pineda asserts that even with an instruction from the trial judge, the statements cannot be taken back and the bell cannot be "un-rung." *Id.*

In determining whether a prosecutor's improper conduct prejudiced the defendant's right to a fair trial, we consider: (1) the degree to which the prosecutor's conduct or remarks tended to mislead or unduly influence the jury; (2) whether the conduct or remarks were extensive or isolated; (3) whether defense counsel invited the remarks; (4) whether the court provided a curative instruction; and (5) the strength of the evidence supporting the conviction. *State v. McSwine,* 292 Neb. 565, 873 N.W.2d 405 (2016). The Nebraska Supreme Court has held that curative measures by the court can prevent prejudice. *State v. Sandoval,* 280 Neb. 309, 788 N.W.2d 172 (2010)(distinguished on other grounds).

Before it is necessary to grant a mistrial for prosecutorial misconduct, the defendant must show that a substantial miscarriage of justice has actually occurred. *State v. Green,* 287 Neb. 212, 842 N.W.2d 74 (2014). A mistrial is properly granted in a criminal case where an event occurred during the course of a trial which is of such a nature that its damaging effect cannot be removed by proper admonition or instruction to the jury and thus prevents a fair trial. *Id.*

Pineda's brief states that one objectionable statement was made during the State's opening statement and is found on page 612 of the record. However, page 612 is in the middle of the State's direct examination of a witness. It appears from our reading of the record that Pineda was referring to a remark in the State's opening statement, wherein the prosecutor stated:

> Pay attention to the way the questions are asked. Do they allow the child to give a free narrative about what she remembers or recalls? Or on the other hand, are they leading questions, designed to box her in to a particular answer?

Defense counsel objected to this statement by the prosecution, and the objection was sustained. The court ordered the jury to disregard the statements made by the prosecutor that were argumentative.

Even if the remark tended to mislead or unduly influence the jury, the trial court sustained Pineda's objection, and admonished the jury to disregard it. Upon our reading of the State's opening statement, the remark appears to have been isolated, and the court provided a curative admonishment designed to prevent prejudice. The State presented testimony of multiple witnesses which supports the conviction. The fact that he was convicted is not sufficient to show that he was

prejudiced by a statement that the jury was instructed to disregard. Pineda has not shown how he was prejudiced, or that a substantial miscarriage of justice occurred. Therefore, we find the district court did not abuse its discretion in overruling Pineda's motion for mistrial based on remarks made during the State's opening statement.

Pineda made one other specific allegation of prosecutorial misconduct, which occurred during closing arguments. Pineda asserts the State improperly drew the attention of the jury to the actions of the defense, instead of focusing on whether the State proved its case or not. He asserts the "prosecutor told the jury that the defense could have called witnesses and has the subpoena power of the Court," which implied Pineda "did not subpoena witnesses and no one testified on behalf of the defendant, so he must be guilty." Brief for appellant at 8-9. Pineda's brief refers to page 955 of the record, yet the bill of exceptions concludes with sentencing on page 809. Upon our review of the record, it appears the statement to which he refers can be found on page 773.

On page 761 Pineda's counsel stated, in closing, that the Child Advocacy Center and investigators had investigative tools including the power to issue subpoenas and warrants and obtaining DNA evidence. Pineda's counsel further remarked that the State had the burden to prove each element of the offense beyond a reasonable doubt and the jury had to reach a unanimous verdict. On page 773, in rebuttal to Pineda's closing, the State began by stating that Pineda "doesn't have to prove a thing." Then, the prosecutor stated the State and the defendant "have equal ability to call witnesses" and both "have the subpoena power of the court." The defense objected to this statement and the court overruled the objection.

Upon our review, the State made it clear that the State held the burden of proving Pineda's guilt, and made an accurate statement that both the prosecution and the defense have the ability to subpoena witnesses. It appears that the State's statement was in reference to, or invited by, Pineda's counsel's statement regarding the investigative tools at the State's disposal. The statement was not misleading and did not unduly influence the jury. The State was clear that Pineda did not have the burden of proof and there was sufficient evidence in the record to support the conviction.

During trial, Pineda's counsel requested that certain witnesses be allowed to be recalled by the defense and asked the court that those witnesses be ordered to appear. It would have been apparent to the jury that the defense reserved the right to call these witnesses, and that the defense rested without calling witnesses to testify. Stating that the defendant could have called witnesses, and chose not to, is not a prejudicial statement. We find Pineda's assertion that he was not given a fair trial because of prejudicial statements by the prosecutor in closing to be without merit.

Pineda asserts there were "repeated prejudicial statements" made to the jury during opening and closing statements. Pineda's brief references two specific instances of alleged prosecutorial misconduct, as discussed above. The references given are attributed to the incorrect pages in the record and he has failed to direct this court to further specific instances of prejudicial statements. Further, he does not allege that he objected to the unidentified prejudicial statements. It is not the function of an appellate court to scour the record looking for unidentified evidentiary errors. *Genthon v. Kratville,* 270 Neb. 74, 701 N.W.2d 334 (2005). Having found no evidence that Pineda was prejudiced or that a substantial miscarriage of justice actually occurred, we find the district court did not abuse its discretion in denying Pineda's motions for mistrial.

*Amended Information.*

A ruling on whether to allow a criminal information to be amended is made by the trial court in its discretion. *State v. Johnson,* supra. Pineda asserts the trial court erred by overruling his objection to the State amending the trial information on the day trial was scheduled to begin.

Pineda was originally charged with sexual assault of a child in the first degree, a violation of Neb. Rev. Stat. § 28-319.01. On May 5, 2015 the State moved to amend the information as to Count I because the State became aware, on that day, that there was an error in the alleged victim's date of birth. The amended information alleged sexual assault in the first degree, a violation of § 28-319(1)(c). Pineda asserts he was essentially charged with a new crime, requiring the State to prove different elements.

Count I, as charged in the original information, required the State to prove the victim was under the age of 12. On May 5, the State became aware that the birth year of the victim, as stated in the information, was incorrect, stating the victim was born in 2002, instead of the same month and day in 2001. The prosecutor stated that the complaint and information were created based on the date of birth provided in the police report, but the victim was actually over the age of 12 at the time of the crime. Upon noticing the error, the State requested a few moments to decide what to do. Pineda objected, stating that he was ready to defend against the charge. He requested that the State dismiss Count I and proceed to trial on Count II.

A recess was taken and the State asked for leave to file an amended information alleging first degree sexual assault, aggravated. Pineda objected and moved for a mistrial, and the court allowed the State to amend the information. Pineda was arraigned on the amended charge and waived service of process, the right to a preliminary hearing, and the right to wait 24-hours prior to entering a plea on the amended information.

As originally charged, Count I alleged a violation of Neb. Rev. Stat. § 28-319.01, which states:

> (1) A person commits sexual assault of a child in the first degree:
>
> (a) When he or she subjects another person under twelve years of age to sexual penetration and the actor is at least nineteen years of age or older; or
>
> (b) When he or she subjects another person who is at least twelve years of age but less than sixteen years of age to sexual penetration and the actor is twenty-five years of age or older.

The original information specifically alleged the victim, R.G., was under twelve years of age, and Pineda was at least nineteen years of age or older.

As amended, Count I alleged a violation of Neb. Rev. Stat. § 28-319(1)(c), which states:

> Any person who subjects another person to sexual penetration . . . (c) when the actor is nineteen years of age or older and the victim is at least twelve but less than sixteen years of age is guilty of sexual assault in the first degree.

Both versions of the information include an allegation that the offense constituted an aggravated offense as defined by Neb. Rev. Stat. § 29-4001.01(1), which states:

For the purposes of the Sex Offender Registration Act:

(1) "Aggravated Offense" means any registrable offenses under section 29-4003 which involves the penetration of, direct genital touching of, oral to anal contact with, or oral to genital contact with . . . (b) a victim under the age of thirteen years.

The only material difference between the charges is the age of the alleged victim. The essential elements of the crime did not change; the State was still required to prove that a young victim was subject to sexual penetration by an older individual. Pineda asserts that amending the information at "such a late date prejudiced the substantial rights of the defendant," but he does not state how he was prejudiced. In addition, the amended charge does not carry the 15 year mandatory minimum sentence so the potential consequences of a conviction were not as severe. The reasons or rulings of the trial court are not clearly untenable, unfairly depriving Pineda of a substantial right or denying a just result. We find the record does not show the district court abused its discretion in allowing the State to amend the information to correct the victim's age.

*Ineffective Assistance of Counsel.*

Pineda is represented on direct appeal by different counsel than the counsel who represented him at the trial level. When a defendant's trial counsel is different from his or her counsel on direct appeal, the defendant must raise on direct appeal any issue of trial counsel's ineffective performance which is known to the defendant or is apparent from the record, otherwise the issue will be procedurally barred. *State v. Casares,* supra.

To prevail on a claim of ineffective assistance of counsel under *Strickland v. Washington,* 466 U.S. 668, 104 S. Ct. 2052 (1984), the defendant must show that counsel's performance was deficient and that this deficient performance actually prejudiced his or her defense. *Id.* A claim of ineffective assistance of counsel need not be dismissed merely because it is made on direct appeal, the determining factor is whether the record is sufficient to adequately review the question. *Id.* When the claim is raised in a direct appeal, the appellant is not required to allege prejudice; however, an appellant must make specific allegations of the conduct that he or she claims constitutes deficient performance by trial counsel. *Id.*

Pineda asserts he did not receive a fair trial due to the ineffective performance of his trial counsel, which was known to him, and is apparent from the record. He specifically asserts trial counsel requested and was given the right to depose several witnesses, including the victim, but "all depositions were cancelled by the trial counsel and never took place." Brief for appellant at 12. The record before us shows that Pineda filed a motion to depose "any and all individuals listed as witnesses on the Information filed in this case." The motion sought "the taking of depositions for witnesses who will provide testimony that is material or relevant to the issue to be determined at trial." The record does not contain the court's ruling on that motion, or any evidence that the depositions were granted, scheduled, or cancelled. The record is insufficient for review of this claim on direct appeal.

Pineda also asserts trial counsel was deficient for failing to call witnesses in his defense, "even after telling jury members that they would hear from certain witnesses." Brief for appellant

at 13. Pineda does not assert which witnesses should have been called or what information they would have provided.

Trial counsel is afforded due deference to formulate trial strategy and tactics, and, there is a strong presumption that counsel acted reasonably. *State v. Glazebrook,* 22 Neb. App. 621, 859 N.W.2d 341 (2015). However, it is not apparent from the record whether the decision not to call witnesses was part of trial counsel's strategy. We find the record is insufficient for review of this claim on direct appeal.

## CONCLUSION

We find the district court did not abuse its discretion in overruling Pineda's motions for mistrial, and his objection to the amended information. We find the record is insufficient to review Pineda's claims of ineffective assistance of counsel on direct appeal.

AFFIRMED.