Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
10/30/2020 08:08 AM CDT

State of Nebraska, appellee, v.
Ronald L. Lauhead, appellant.
___ N.W.2d ___

Filed August 7, 2020.    No. S-19-687.

1. **Mental Competency: Appeal and Error.** The trial court's determination of competency will not be disturbed unless there is insufficient evidence to support the finding.
2. **Sentences: Appeal and Error.** An appellate court will not disturb a sentence imposed within the statutory limits absent an abuse of discretion by the trial court.
3. **Trial: Pleas: Mental Competency.** A person is competent to plead or stand trial if he or she has the capacity to understand the nature and object of the proceedings against him or her, to comprehend his or her own condition in reference to such proceedings, and to make a rational defense.
4. **Judgments: Appeal and Error.** An abuse of discretion occurs when a trial court's decision is based upon reasons that are untenable or unreasonable or if its action is clearly against justice or conscience, reason, and evidence.
5. **Sentences.** When imposing a sentence, a sentencing judge should consider the defendant's (1) age, (2) mentality, (3) education and experience, (4) social and cultural background, (5) past criminal record or record of law-abiding conduct, and (6) motivation for the offense, as well as (7) the nature of the offense, and (8) the amount of violence involved in the commission of the crime.

Appeal from the District Court for Harlan County: Terri S. Harder, Judge. Affirmed.

Charles D. Brewster, of Anderson, Klein, Brewster & Brandt, for appellant.

Douglas J. Peterson, Attorney General, and Jordan Osborne for appellee.

Heavican, C.J., Miller-Lerman, Cassel, Stacy, Funke, Papik, and Freudenberg, JJ.

Freudenberg, J.

## INTRODUCTION

Ronald L. Lauhead was charged with five counts of first degree sexual assault of a child and five counts of child abuse. Before trial, he requested a competency evaluation pursuant to Neb. Rev. Stat. § 29-1823 (Reissue 2016). Lauhead was initially evaluated at the Lincoln Regional Center (the LRC) and found to be incompetent to stand trial. The district court ordered him to continue treatment at the LRC until his competency to stand trial could be restored. Lauhead was subsequently reevaluated by two doctors. Both doctors found Lauhead to be competent and recommended that he be provided accommodations. The district court found Lauhead competent to stand trial. Lauhead, subsequently, waived his right to a jury trial, and a bench trial based upon stipulated facts was held on the amended charges of one count of attempted first degree sexual assault of a child and one count of child abuse. Lauhead was found guilty and sentenced to incarceration for terms of 20 to 22 years and 3 years, respectively, to be served concurrently. Lauhead appeals.

## BACKGROUND

In November 2016, Lauhead was charged with five counts of first degree sexual assault of a child and five counts of child abuse. During the proceedings, Lauhead made a motion to have a competency evaluation, which the district court granted. Lauhead was evaluated in February 2017 by Mindy Abel, who has a doctor's degree in clinical psychology and a law degree.

Abel's evaluation details the three different tests administered and their results. To summarize, these tests showed that

Lauhead has a mental impairment and that his IQ places him in the extremely low range of cognitive functioning. People in this range show impairment in their abilities for abstract thinking, executive functioning, short-term memory, and functional use of academic skills. Abel's report specifically related the testing results to the criteria outlined in *State v. Guatney*.[1] Abel's evaluation opined that Lauhead was not competent to stand trial at that time.

In March 2017, a hearing on the issue of competency was held. Based on Abel's report, the district court found that Lauhead was mentally incompetent to stand trial, but there was a substantial probability that he would become competent in the foreseeable future. The district court ordered that Lauhead be committed to the LRC for treatment until his competency could be restored.

Abel provided two subsequent reports to the district court. In October 2017, Abel reported that Lauhead was incompetent to be a witness against a codefendant in a related criminal matter. However, in December 2017, Abel reported that Lauhead could be competent to stand trial if certain accommodations were made. Abel described these accommodations as taking additional time and effort to explain the proceedings to Lauhead and to ensure that he understands what is going on. Abel opined that Lauhead had reached maximum benefit of the competency restoration services provided at the LRC and that Lauhead was now able to understand and assist in his defense if provided the recommended accommodations. Abel indicated that the burden to provide these accommodations would fall on Lauhead's counsel.

A bifurcated hearing was held regarding Lauhead's competence in January and May 2018. Abel's report was provided to the district court during the January portion of the hearing. However, while the issue of competency was pending, the State moved for an additional competency evaluation. The district

---

[1] *State v. Guatney*, 207 Neb. 501, 299 N.W.2d 538 (1980).

court authorized the State's requested competency evaluation by Theodore J. DeLaet, Ph.D. DeLaet conducted similar tests to those administered by Abel and reviewed files provided about Lauhead's treatment at the LRC.

During the May 2018 portion of the bifurcated competency hearing, the court received DeLaet's report over Lauhead's objections that DeLaet's examination and report were cumulative of Abel's reports already admitted. Further, DeLaet testified that Lauhead met the minimum requirements to be considered competent to stand trial. He qualified his competency opinion by providing detailed recommendations for accommodations that would be essential for Lauhead to be able to understand the nature and extent of the charges and the proceedings against him. For example, during any questioning of Lauhead, it would be necessary to use simple language, provide him time to explain his responses, and cover one point at a time. In June, based upon the evidence presented during the competency hearing, the district court found Lauhead competent to stand trial.

Lauhead made a motion to request accommodations in preparation for trial. Lauhead also submitted a written brief requesting a consultant to help identify what accommodations would be needed at trial. The district court denied Lauhead's request for a disability consultant to be appointed.

After several additional pretrial motions and hearings, Lauhead agreed to resolve this matter through a bench trial based upon a stipulated set of facts. In exchange for Lauhead's procedural concession, the State dismissed several charges. The amended information contained one count of attempted first degree sexual assault of a child and one count of child abuse. Based upon its review of the parties stipulated set of facts, the district court found Lauhead guilty of both counts.

At sentencing, Lauhead argued that being incarcerated with the Nebraska Department of Correctional Services would constitute cruel and unusual punishment given Lauhead's inability to read and comprehend the rules of the corrections system.

The district court considered the sentencing factors raised by Lauhead, including his disability, and sentenced him to incarceration for terms of 20 to 22 years and 3 years, respectively, to be served concurrently.

## ASSIGNMENTS OF ERROR

Lauhead argues, consolidated and renumbered, that the district court erred by (1) finding him competent to stand trial, (2) not identifying and providing accommodations to eliminate his incompetency, (3) ordering excessive sentences, and (4) sentencing him to the Nebraska Department of Correctional Services when the evidence showed he was incapable of properly managing or surviving the system managed by the Nebraska Department of Correctional Services.

## STANDARD OF REVIEW

[1] The trial court's determination of competency will not be disturbed unless there is insufficient evidence to support the finding.[2]

[2] An appellate court will not disturb a sentence imposed within the statutory limits absent an abuse of discretion by the trial court.[3]

## ANALYSIS

Lauhead supports his assignments of error related to competency by focusing on the evaluators' references to accommodations. The district court found that Lauhead was competent to stand trial without placing any express conditions on that determination. We find that there was sufficient evidence to support the district court's finding of competency. We also find the district court did not abuse its discretion by sentencing Lauhead within the statutory ranges for his convictions on both counts.

---

[2] *State v. Garcia*, 302 Neb. 406, 923 N.W.2d 725 (2019).

[3] *State v. Leahy*, 301 Neb. 228, 917 N.W.2d 895 (2018).

COMPETENCY

[3] A person is competent to plead or stand trial if he or she has the capacity to understand the nature and object of the proceedings against him or her, to comprehend his or her own condition in reference to such proceedings, and to make a rational defense.[4] As relevant to this case, § 29-1823(1) states in part that "[i]f at any time prior to trial it appears that the accused has become mentally incompetent to stand trial, such disability may be called to the attention of the district court by the county attorney, by the accused, or by any person for the accused." Lauhead's disability was called to the attention of the district court via a pretrial motion, and the district court ordered Lauhead to be evaluated.

The first evaluation was conducted by Abel. Abel's report indicated that Lauhead was not competent to stand trial. Based upon Abel's conclusion, the district court ordered Lauhead to receive treatment at the LRC. After several months at the LRC, Abel made a subsequent report to the district court that Lauhead was now competent to stand trial and recommended certain accommodations to ensure that Lauhead would understand what was going on at trial. The State requested a second evaluation that was conducted by DeLaet, who also concluded that Lauhead was competent to stand trial and recommended certain accommodations.

Abel and DeLaet used substantially similar tests and looked at the same patient history and information obtained from Lauhead's counseling sessions while at the LRC. They both noted that although Lauhead scored in the extremely low cognitive range, he has a basic routine and was able to work jobs within the community. He was able to communicate socially, drive a vehicle, and maintain gainful employment. In his initial interview with police, Lauhead denied the accusations and indicated that he knew such actions were wrong.

These facts support the finding of the district court that Lauhead had the capacity to understand the nature and object

---

[4] *State v. Garcia, supra* note 2.

of the proceedings against him, to comprehend his own condition in reference to such proceedings, and to make a rational defense.[5] The district court considered the testimony and reports submitted by both experts and found Lauhead competent to stand trial. The district court's order also stated that it would be mindful of the recommendations concerning the pace of the trial and the accommodations needed if Lauhead were to testify.

Lauhead argues that he was only conditionally competent and that the district court failed to identify and provide the proper accommodations. This, however, is a misinterpretation of the district court's order. Although parts of the testimony of Abel and DeLaet could be interpreted as finding Lauhead conditionally competent, the district court order found Lauhead unconditionally competent. The district court presumably made such finding because Nebraska law has only one competency standard.[6] A defendant is either competent or incompetent— a finding of conditionally competent is not permitted under Nebraska law.

In addition, many of the accommodations suggested by both experts were based on the scenario of a full adversarial trial in which Lauhead may choose to testify. Such accommodations were not required because Lauhead requested that the matter be resolved through a bench trial based upon a stipulated set of facts. The district court's determination of competency will not be disturbed unless there is insufficient evidence to support the finding.[7] We find that the district court's determination of competency is supported by sufficient evidence.

## Sentencing

Lauhead's remaining assignments of error assert that his sentences were excessive and that sentencing Lauhead to the

[5] See *id.*

[6] See *State v. Guatney, supra* note 1.

[7] *State v. Garcia, supra* note 2.

Nebraska Department of Correctional Services was a violation of his constitutional rights. We find that the district court did not abuse its discretion in sentencing Lauhead within the statutory guidelines and that because Lauhead was properly found competent, his sentences do not violate his constitutional rights.

[4,5] Lauhead first contends that the sentences were excessive because the district court did not properly consider all of the factors, including Lauhead's mentality. An appellate court will not disturb a sentence imposed within the statutory limits absent an abuse of discretion by the trial court.[8] An abuse of discretion occurs when a trial court's decision is based upon reasons that are untenable or unreasonable or if its action is clearly against justice or conscience, reason, and evidence.[9] When imposing a sentence, a sentencing judge should consider the defendant's (1) age, (2) mentality, (3) education and experience, (4) social and cultural background, (5) past criminal record or record of law-abiding conduct, and (6) motivation for the offense, as well as (7) the nature of the offense, and (8) the amount of violence involved in the commission of the crime.[10]

The sentencing order indicates that the district court considered the appropriate factors, including the evidence presented concerning Lauhead's mental abilities. The district court found that Lauhead is not a suitable candidate for probation and that placing him on probation would promote a disrespect for the law. There is nothing in the record to demonstrate that the district court considered improper factors when sentencing Lauhead, and he was sentenced within the sentencing ranges for the offenses of which he was convicted.[11] Accordingly, we find the district court did not abuse its discretion in

---

[8] *State v. Leahy, supra* note 3.

[9] See *State v. Johnson*, 290 Neb. 369, 859 N.W.2d 877 (2015).

[10] *State v. Bauldwin*, 283 Neb. 678, 811 N.W.2d 267 (2012).

[11] See Neb. Rev. Stat. §§ 28-105 and 28-201 (Reissue 2016).

sentencing Lauhead to incarceration for terms of 20 to 22 years and 3 years to be served concurrently.

Lauhead next asserts he was sentenced to incarceration in violation of his constitutional rights because he was incompetent to stand trial. Because we find the district court did not err in determining that Lauhead was competent to stand trial, this argument is without merit.

## CONCLUSION

The reports and testimony of the two doctors who evaluated Lauhead provide sufficient evidence to support a finding that Lauhead was competent to stand trial. His sentences were within the statutory sentencing range, and Lauhead failed to show that the district court considered improper factors or abused its discretion. The judgment of the district court is affirmed.

Affirmed.